# Masterson *v.* Bentley.

*Action on Attachment Bond, by Tenant against Landlord.*

1. *When landlord may sue out attachment against tenant's crop.*—The statute gives a landlord the right to sue out an attachment against the crop of his tenant, in two cases: 1st, "when the tenant is about to remove the crop from the premises without paying the rent;" 2d, "when he has removed it, or any portion thereof, without the consent of the landlord" (R. C. §§ 2961-63). When the crop has been removed by the tenant, without the consent of the landlord, and without paying the rent, the intent of the tenant in removing it, and the distance from the demised premises to which it is removed, are immaterial inquiries, even though it be carried to other adjacent lands belonging to the landlord.

APPEAL from the Circuit Court of Lawrence.

Tried before the Hon. W. B. WOOD.

This action was brought by Robert F. Bentley, against Thomas Masterson and James E. Griffin; was commenced on the 28th August, 1875; and was founded on an attachment bond, which was dated on the 27th November, 1874, and conditioned that the said Thomas Masterson, who was the plaintiff in the attachment, should prosecute his said attachment to effect, and pay the defendant therein, said Robert F. Bentley, all such damages as he might sustain from the wrongful and vexatious suing out of said attachment. The complaint set out the condition of the bond, and alleged the following breaches : 1st, that the attachment was sued out wrongfully, and without probable cause ; 2d, that it was wrongfully and vexatiously sued out ; 3d, that it was sued out wrongfully, vexatiously, and maliciously ; 4th, that it was not prosecuted to effect ; 5th, that plaintiff was not indebted to said Masterson when said attachment was sued out ; 6th, that there was no cause for the issue of said attachment ; 7th, "that plaintiff did not and had not, at the time said attachment was sued out, or at any other time, removed the crop raised by him on the Hillsboro place during the year 1874, or any portion thereof, without the consent of the landlord." The complaint alleged, also, that the attachment was levied on his crop of cotton and corn ; that he was put to great trouble and expense in defending the attachment suit, and was greatly damaged in his business, credit, &c. The record does not show what pleas were filed ; but there was a trial by jury, and a verdict for the plaintiff, under the

[Masterson v. Bentley.]

charge of the court; and on the trial the defendant reserved the following bill of exceptions:

"On the trial of this cause, the evidence showed that said Thomas Masterson rented to plaintiff, R. F. Bentley, for the year 1874, lands near the town of Hillsboro in said county, and had a landlord's lien on the crops grown on said lands during said year; that he sued out an attachment to enforce said lien, and had the same levied on a part of the crop raised by said Bentley on said rented premises, and got a judgment for said rent. It was shown, also, that said Bentley, when he picked the cotton grown on said rented land, removed the same from said rented premises, and put it in an old store-house in the town of Hillsboro belonging to plaintiff, entirely off the rented premises, and some forty or fifty yards distant from the same, with a public road running between said house and said rented premises; and this was done without the consent of said Masterson. It was proved, also, that said store-house belonged to said Masterson. The plaintiff stated, in his testimony, that there was no suitable place on the rented land to store the cotton, and he obtained permission from one Lindsay, the agent of Masterson, to put it in the old store-house as it was picked out. The defendant stated, that he had never authorized his agent, said Lindsay, to consent to the removal of said cotton from the rented land to the old store-house. This was all the testimony on this point; and the court thereupon charged the jury, in words following: 'That the storing of the cotton, as it was picked, in a storehouse belonging to the landlord, on the same quarter-section of land, though not on the particular portion of the land which the tenant rented and cultivated, is not such a removal of the crop from the premises as will authorize an attachment.' To this charge the defendant excepted," and he here assigns it as error.

W. P. CHITWOOD, for appellant.

PHELAN & WHEELER, contra.

BRICKELL, C. J.—The statute confers on a landlord the right to pursue by attachment the crop grown on rented premises, when the tenant, without his consent, has removed, or is about removing, the whole, or any part of it, without payment of the rent (R. C. §§ 2961-63). Neither the intent of the tenant in removing, nor the distance from the demised premises to which the crop may be removed, is material. It is the fact of removal, or of the intent to remove, manifested by some overt act or declaration, which is the ground of at-

[Chapman v. Holding.]

tachment. The language of the statute renders it incapable of any other construction, and no other can be given it, without impairing its beneficial operation. So long as the crop remains on the rented premises, the lien of the landlord will prevail over any alienation the tenant may make of it. Whoever deals with him, is charged with notice of the lien. It is only after removal, and the tenant has a possession of the crops severed and distinct from the possession of the premises, that there may be an alienation of them to a purchaser, not having notice of the lien, which will prevail over it.—*Lomax v. LeGrand & Co.*, at the last term. Therefore, whenever, by the removal, the lien of the landlord is placed in peril—is liable to be defeated by an alienation, which could not have affected it so long as the crop remained upon the demised premises—the right of the landlord to an attachment is conferred by the statute.

Some stress seems to have been placed by the Circuit Court on the fact, that the removal of the cotton was to a house on other lands of the landlord. If the motive of the tenant in removing the crop was material, this fact would be of importance, as would also the manner of removal—whether it was open or clandestine. But this motive is immaterial. The cotton was not placed in the possession of the landlord —it was removed from the rented premises, and was the subject of an alienation by the tenant, which would have defeated the lien of the landlord, and which could not have been made while the crop was on the premises.

The charge given by the Circuit Court was erroneous; and the judgment must be reversed, and the cause remanded.