## SCALLAN v. WAIT ET AL.

1. **Practice**: KIND OF PROCEEDINGS: INCONSISTENT RULINGS. Where an action was brought by equitable proceedings, which should have been brought by ordinary proceedings, and the court erroneously over-ruled a motion made by defendants to transfer it to the law docket, it was inconsistent in the court, and an additional error, to dismiss the cause as against certain of the defendants, against whom a good cause *of action* was shown, because, as against them, plaintiff was not entitled to relief *in equity*. The court should either have adhered to the former ruling and tried the cause by equitable proceedings, or else, if convinced that that ruling was erroneous, even after the submission of the cause, it should have set aside that ruling and set the cause down for trial by ordinary proceedings.

2. ———: ———: ACTION BY LESSOR FOR CONVERSION OF CROPS SUBJECT TO LANDLORD'S LIEN: ERROR IN PROCEEDINGS: REMEDY. An action by a landlord against his tenant and those to whom the latter has sold and delivered the crops on which the former had a landlord's lien, should be by ordinary proceedings for the damages arising from the conversion of the property; but error in bringing such action in equity did not cause an abatement, or justify a dismissal, but only a transfer to the law docket. Code, § § 2514, 2515, 2516.

*Appeal from Sac Circuit Court.*

FRIDAY, OCTOBER 24.

PLAINTIFF alleges in his petition that, in the fall of 1881, he rented a farm to defendant, Wait, for the term of one year, the term ending March 1, 1883; that the contract of lease was in writing, and, by its terms, Wait agreed to pay, as rent for the premises, the sum of $575, on the twentieth of October, 1882; that he raised a crop of flax on said premises during the term of the lease, which he sold to the defendants, Hanson & Mills, for the sum of $1,756.25; that Wait gave a mortgage on the crops grown on the place to the defendant, the Farmer's Bank, to secure $1,500, and that said bank received and appropriated the proceeds of said flax, applying the same on said mortgage; and that, under the statute of the state, and by the terms of the lease, he had a lien on said flax for his rent, which was superior to the mortgage of the bank; and that defendants, Hanson & Mills, when they purchased

said flax, took the same subject to said lien.    The petition is entitled in equity, and the cause was docketed as an equitable action.

The defendants, the Farmer's Bank and Hanson & Mills, answered, denying the allegations of the petition, and alleging that there was a misjoinder of parties; also alleging that the transaction between Wait and plaintiff was not in fact a lease of the premises, but was a sale by plaintiff to Wait of a growing crop on the premises, and that, by the fraud of plaintiff, the written contract between the parties was drawn up in the form of a lease of the premises, instead of a bill of sale of the crop, as was intended; and they prayed that the writing might be reformed, so as to express the real contract between the parties.    This affirmative matter is set up in an amendment to the answer.    When the original answer was filed, defendants also filed a motion to transfer the case to the law docket, and try it as an ordinary action.    This motion was overruled.    On the trial the petition was dismissed as to defendants, the Farmer's Bank, and  Hanson  &  Mills. Plaintiff appeals.

*Cotton & Wolf*, for appellant.

*Zane & Helsell*, for appellees.

REED, J.—The allegation in the amendment to the answer, that the transaction between plaintiff and Wait was a sale of 1. PRACTICE: the crops growing on the premises, and not a lease kind of pro- of the farm, is not established by the evidence. ceedings: in- consistent rulings.    But the allegations of the petition, that the premises were rented to Wait, that he raised a crop of flax thereon during the term of the lease, that he mortgaged the same to the Farmer's Bank, and that the same was sold and delivered to Hanson & Mills, who paid the market value thereof to the bank, and that it applied the same on said mortgage, are all clearly proven.

The ground upon which the circuit court dismissed the plaintiff's petition, and denied him relief as against the bank and

Hanson & Mills, was, not that these parties were not liable to him for the amount of his lien on the property which they had taken and converted, but that he was not entitled to relief as against them *in equity*, for the wrong complained of. We think the court erred in dismissing the petition on this ground. It had already held, in passing on defendant's motion to transfer the case to the law calendar, that it was properly brought *in equity*. The same issue which was presented by the pleadings when this ruling was made had been tried and submitted to the court when the ruling in question was made. The rulings are manifestly inconsistent. The court should have adhered to the former ruling, and disposed of the case as an equitable action, or, if convinced that the ruling was erroneous, it should have set aside the order, and transferred the cause to the law calendar for trial as an ordinary action. It would have been competent for the court to take the latter course, even after the cause had been submitted. Indeed, the record shows that plaintiff asked, at the time when the final order was made, that the cause be transferred and tried as an ordinary action.

We think the cause was improperly brought as an equitable action. The relief which plaintiff seeks by the action, as against these defendants, is the recovery of damages for the wrongful conversion by them of property on which he had a, lien for the security of his rent, and it is within the province of a court of law to grant him this relief. But the error as to the kind of proceedings adopted does not cause the abatement or dismissal of the action.

2. ——: ——: action by lessor for conversion of crops subject to landlord's lien: error in proceedings: remedy.

The remedy, therefore, is by a change into the proper proceedings, and a transfer of the action to the proper docket. Code, § § 2514, 2515, 2516.

The order of the court dismissing the action is reversed, and the cause is remanded for further proceedings consistent with this opinion.

REVERSED.