HOUGHTON v. BAUER ET AL.

1. **Landlord's Lien:** ENFORCEMENT AGAINST CROP OF SUB-TENANT. A landlord's lien attaches to "all crops grown upon the demised premises," (Code, § 2017,) and thus extends to crops grown by a sub-tenant.

2. ———: ———: FORM OF ACTION. The crops of a sub-tenant can be appropriated under a landlord's attachment in an ordinary action against the original tenant for the rent. (Code, § 2018.)

3. ———: ———: JURISDICTION OF JUSTICE: AGREEMENT OF TENANT. Where a tenant gave his note for $200 for the rent of a farm, and agreed therein that a justice of the peace might have jurisdiction thereof, *held* that the justice also had jurisdiction, in a suit on the note, to enforce a landlord's lien against the crops raised by a sub-tenant on the land.

*Appeal from Montgomery Circuit Court.*

TUESDAY, DECEMBER 14.

THIS action was brought originally before a justice of the peace. It is a suit on a promissory note for $200 executed by defendant Samuel Chatterton to plaintiff. The note contains an agreement that suit might be brought thereon in justice's court. Plaintiff filed a petition in which he alleged that the note was given for the rent of certain premises described in the petition; also that the defendant Bauer made some claim to the crops grown on the demised premises; and he asked that an attachment issue for the enforcement of his landlord's lien. A writ was accordingly issued by the justice, which was levied on sixty-five acres of corn growing on the demised premises. The defendant Bauer appeared and answered, alleging that said corn belonged to her, and that Chatterton had no interest in it. On the trial, judgment was entered against defendant Chatterton for the amount of the note, also directing the sale of the attached property for the satisfaction of the judgment. Bauer thereupon appealed to the circuit court. On the trial in that court, judgment

was entered discharging the attached property, and from that judgment plaintiff appeals.

*R. W. Beeson* and *W. S. Strawn*, for appellant.

*Junkin & Deemer*, for appellee.

REED, J.—I.   It was proved on the trial in the circuit court that Chatterton subleased the premises, for the rent of which the note sued on was given to plaintiff, to Bauer, and that the latter raised thereon the crop of corn on which the landlord's attachment was levied.   The first question which arises on the record is whether the landlord has a lien for his rent on crops grown on the demised premises during the term by a sub-tenant.

1. LAND-
LORD'S lien:
enforcement
against crop
of sub-
tenant.

The lien of the landlord is purely statutory, and the answer to the question depends upon the construction which should be given to the statute by which it is created.   The statute which gives the landlord a lien for his rent is Code, § 2017, which is as follows:   "A landlord shall have a lien for his rent upon all crops grown upon the demised premises, and upon any other personal property of the tenant which has been used on the premises during the term.     *     *     * "     There can be no question, we think, as to the effect of this provision.   The lien attaches to "all crops grown upon the demised premises."   It can make no difference that they were grown by a sub-tenant; for the question whether the lien attaches to them does not depend upon whether they were grown by the tenant, but upon whether they were grown upon the demised premises.   The language of the provision is clear and explicit.   There is no room for construction.

II.   Another question in the case is whether the crops of the sublessee can be appropriated to the satisfaction of the rent due the landlord in an ordinary action.   The statute also affords a ready answer to this question.   The remedy of the landlord, as well as his right, is

2. ——: ——:
form of ac-
tion.

statutory. Section 2018 provides that the lien may be effected by the commencement of an action for the rent, and that the landlord will be entitled to a writ of attachment against the property subject to the lien. It makes no difference that the title to the property may be in another person than the tenant. It may be seized upon the writ, notwithstanding that fact, and be condemned for the satisfaction of the debt.

III. The circuit court ruled that the consent of Chatterton expressed in the note that the action might be brought in justice's court did not confer upon the justice jurisdiction to enforce the lien against the property of Bauer, the amount of the claim being in excess of $100. We think this view is erroneous.

3. ——: ——: jurisdiction of justice: agreement of tenant.

The justice had jurisdiction to enter judgment in plaintiff's favor for the amount of the debt. The debt was secured by the lien on the crops, and the security is enforced by the seizure of the property on the writ of attachment, and its condemnation for the satisfaction of the debt. The attachment was auxiliary to the action for the recovery of the indebtedness, and, as the justice had jurisdiction of the action, we think he necessarily had jurisdiction of the attachment proceeding. The order and judgment of the circuit court will be

REVERSED.