# Campbell, Adm'r., v. O'Neal, Admr'x.

*Bill in Equity for Foreclosure of Mortgage.*

1. *Proof of recorded deed by transcript, or certified copy.*—A conveyance of lands executed in Tennessee, but not acknowledged or proved according to law (Code, §§ 2154, 2158, 2160), though recorded in the proper county, can not be proved by a transcript of the record; and if properly acknowledged (or proved) and recorded, while the original would be admissible without further proof, a transcript would not be admissible without accounting for the original.

APPEAL from the Chancery Court of Jackson.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed by the appellee, Araminta O'Neal, as administratrix of the estate of Wm. P. O'Neal, deceased, against Green D. Campbell, as administrator *de bonis non* of the estate of John H. O'Neal, deceased, and others, and prayed for an account, the foreclosure of a mortgage on certain lands, alleged to have been executed by said John H. O'Neal to said Wm. P. O'Neal and others, and for general relief. The answer of Campbell, among other things, denied the execution of the mortgage, and called for proof.

The lands embraced in the mortgage were located in Jackson county, Alabama, and it was recorded in that county, but appears to have been executed in Bedford county, Tennessee. A certified transcript from the records of the Probate Court of Jackson county of the mortgage, and its proof and acknowledgment, was attached to the bill as an exhibit, and offered and admitted as evidence in the cause. The mortgage, as set forth in the certified transcript, was attested by two witnesses, Ro. B Davidson and Geo. W. Buchanan, and the following are the proof and acknowledgment of the mortgage and the certificate of the probate judge of Jackson county to the transcript:

"State of Tennessee, } Personally appeared before me, Jo.
  Bedford county.   } H. Thompson, clerk of the County
Court of said county, said court being a court of record and having a seal of office, John H. O'Neal, the bargainer to the

foregoing conveyance or mortgage, personally known to me, and acknowledged the execution of the same for the purpose therein specified, and, also, personally appeared before me, Ro. B. Davidson and Geo. W. Buchanan, subscribing witnesses to the foregoing mortgage and conveyance, and being first duly qualified according to law, depose and say, they are personally acquainted with the bargainer, J. H. O'Neal, and that he assigned (?) and acknowledged the execution of the same to be his act and deed for the purposes therein contained, in their presence. In testimony whereof I have hereunto set my hand and seal of office, at office, this the 24th day of February, 1868.

[L. s.]                    "JOSEPH H. THOMPSON, Clerk.

"State of Tennessee, } Personally appeared before me, Bedford county. } William Galbreath, an acting justice of the peace in and for said county, Ro. B. Davidson and G. W. Buchanan, subscribing witnesses to the same or foregoing conveyance or mortgage, and made oath that they are personally acquainted with the bargainer, John H. O'Neal, and that he acknowledged the execution of the same, for the purposes therein contained, in their presence, and that I further certify that I am chairman of the County Court of said county, and that it is a court of record, having no seal; and that John H. Thompson, whose name appears to the foregoing certificate, is clerk of said County Court, duly elected and qualified as such, and that his signature and seal thereto are genuine and in accordance with the laws of Tennessee.

"In testimony whereof I have hereunto set my hand as justice of the peace aforesaid, and as chairman of the aforesaid County Court, there being no seal of said court, at office in Shelbyville, Tennessee, this 24th day of February, 1868.                [L. s.]            "WM. GALBREATH, "Chm'n of County Court and Acting Justice of the Peace."

"State of Tennessee, } I, Jo. H. Thompson, clerk of the Bedford county. } County Court of said county, the same being a court of record, having a seal of office, hereby certify that Wm. Galbreath is, and was, at the time of assigning (?) the same an acting justice of the peace in and for said county, and also chairman of the County Court aforesaid, duly elected and qualified in both capacities as such, and that said court is a court of record, having a seal. In testimony whereof I have hereunto set my hand and seal of office, at office in Shelbyville, Tennessee, this 24th day of February, 1868.

[L. s.]                    "JOSEPH H. THOMPSON, Clerk."

"I, M. P. Brown, judge of the Court of Probate for Jack-

[Campbell. Adm'r, v. O'Neal, Adm'x.]

son county, Alabama, hereby certify that the above and foregoing conveyance or mortgage was filed in my office for record at 7½ o'clock, A. M., February 26, 1868.

"M. P. BROWN, Judge of P. C."

"The State of Alabama, ⟩ I, John B. Tally, judge of pro-
      Jackson county,  ⟨ bate for said county, hereby certify that the foregoing pages contain a full, true, correct and complete exemplification of the record in my office of a mortgage from John H. O'Neal to John O'Neal and others. Given under my hand this March 1, 1882.

"JOHN B. TALLY, Judge of Probate."

McGill, a witness for the complainant, having been shown the certified transcript of the record of the mortgage, testified that he knew of the execution and delivery of the mortgage at or about the time of the said execution and delivery; that it was acknowledged in Bedford county, Tennessee, but recorded in Jackson county, Alabama, as appears from the certified transcript. There was, also, proof of the indebtedness set forth in the mortgage.

There was a decree of reference, and after this decree had been executed and report made, the defendant, G. D. Campbell, objected to the admission, as evidence, of the certified transcript of the record of the mortgage, because it was not proven to be a *copy* of the original mortgage, and because the execution of the original mortgage was not proven. The court overruled the objection, and rendered a final decree granting complainant the relief prayed for. This action of the court, among others not necessary to mention, is assigned as error.

CABANISS & WARD, and W. L. MARTIN, for appellant.

J. E. BROWN, and R. C. BRICKELL, *contra.*—The failure to object to the use of the transcript, as evidence, until after the reference had been executed, was a waiver of its illegality.—1 Brick. Dig. p. 848, § 635. Section 3036 of the Code is applicable to this case. The effect of the statute is that a failure to file a verified plea putting in issue the execution of a writing, the foundation of suit, is an admission of record of the fact of execution.—*Ala. Coal Mining Co. v. Brainard,* 35 Ala. 476; *Wimberly v. Dallas,* 52 *ib.* 196.

SOMERVILLE, J.—The decree of the chancellor, in our opinion, is erroneous, on the ground that it is not supported by the evidence. The proof of the execution and of the contents of the mortgage was unsatisfactory. This conveyance, not having been acknowledged or proven in the mode

required by the statute, was not entitled to be proved by a transcript of the record where it was registered. This privilege is accorded only to such conveyances as are acknowledged or proven according to law—a class to which the one under consideration does not belong.—Code, 1876, §§ 2154, 2158, 2160. Nor was the alleged transcript, which was secondary evidence, admissible under the provisions of section 3036 of the Code, without proof of the execution of the original, merely because there was no plea filed denying under oath its execution. If this statute includes a mortgage, which is sought to be foreclosed in a court of equity, it has reference only to receiving in evidence, without proof, the original, not a copy—especially a copy not proved to be a true one.

The defect in the evidence lies in the fact that the alleged transcript is not proved to be a correct copy of the original, and the oral testimony offered fails to satisfactorily show the loss and contents of the original mortgage, its execution, or continued existence. The question is one, therefore, having reference more to the sufficiency of the proof than to the mere grade of the evidence.

For this defect or failure of proof the decree must be reversed, and a decree will be rendered in this court dismissing the bill, but without prejudice.

### Bill in Equity for Foreclosure of Mortgage.

