WILLIAM W: KNOWLES v. JOHN B. SELL.

1. LANDLORD — *Lien on Crop.* A landlord has a lien upon every part of the crop raised upon the leased premises.

2. ———— *Attachment.* When a tenant, without the consent of his landlord, removes any appreciable part of the crop from the leased premises, it will be ground for an attachment, under ₰ 27, chapter 55, Compiled Laws of 1885. The motive of the tenant in removing it is immaterial.

### *Error from Republic District Court.*

ACTION to recover rent. Judgment for the defendant *Sell,* at the January term, 1886. The plaintiff brings the case to this court. The facts are stated in the opinion.

*A. D. Wilson,* and *A. E. Taylor,* for plaintiff in error.

*A. B. Wilder,* and *Van Natta & Close,* for defendant in error.

Opinion by HOLT, C.: This was an action by a landlord for the rent of his farm for the year 1885. The defendant, who is defendant in error, went upon the farm of plaintiff as his tenant in 1883, and remained there during the years 1884 and 1885. No written lease was ever made between them. It was agreed and understood between the parties that the landlord was to receive one-third. There was some dispute between them whether it was one-third of all that might grow upon the farm, or simply of the grain. For the purposes of this action, under the verdict of the jury for defendant, we shall hold, as the defendant claims, that the rent was to be one-third of the grain only; that eliminates all question about the hay and vegetables. The plaintiff began this action by an attachment, and the crop was levied on. At the trial the jury rendered a general verdict for the defendant, and answered the following question:

"Was any part of the crop removed from these premises by the defendant at any time within thirty days next prior to

the commencement of this action in the justice court?     *Ans.:*
Yes."

The testimony establishes that there were eighty or ninety
acres in corn upon the land rented, and that the average yield
per acre was about twenty bushels; that the defendant com-
menced cutting up the corn before it was ripe to feed his hogs,
dividing it by taking ten rows and leaving five, and afterward
took out of his ten rows one load of corn, twenty-two bushels,
to the nearest market town to pay a doctor's bill which he
had owed for a year and a half.   This removal was without
the consent of plaintiff.   Subsequently, and after this action
was commenced and the attachment levied, he gathered about
one hundred and sixty bushels and put it in plaintiff's crib,
when he was directed by him to stop gathering the corn.

The question to be decided in this case is, whether the re-
moval of that load of corn from the leased land without the
consent of the landlord was sufficient to sustain the attach-
ment upon the crop.

Section 27, chapter 55, Comp. Laws of 1885, is as follows:

"When any person who shall be liable to pay rent (whether
the same be due or not, if it be due within one year thereafter,
and whether the same be payable in money or other thing)
intends to remove or is removing, or has within thirty days
removed his property, or the crops, or any part thereof, from
the leased premises, the person to whom the rent is owing may
commence an action in the court having jurisdiction.   .   .  ."

It is admitted by the defendant that he took the twenty-
two bushels of corn from the premises without the consent or
knowledge of the plaintiff, and there was no testimony showing
that there was any other amount of grain removed.   It is also
apparent from the evidence that this load of corn was not
taken away for the purpose of hindering or delaying the plain-
tiff in the collection of his rent, or with any intent to defraud
him.   The testimony shows further, that there were fifteen
hundred bushels of corn grown on the place that year.   Under
these facts the question is presented, whether the removal of
this part of the crop is sufficient to sustain an attachment by
the landlord, who claims a lien thereon.

Section 24 of chapter 55 provides that the landlord shall have a lien upon the crops growing or made upon the premises, and such lien may be enforced by action and attachment therein. Under this statute his lien extends to the entire crop that may have been grown, not simply to any part of it.   And in keeping with its provisions said § 27 provides in plain terms that the removal of any part of the crop from the premises is ground for an attachment.   It does not require any intention of the tenant to delay, hinder or defraud the landlord.   By the terms of this statute the intent of the party is immaterial; the simple fact of removal is enough; the language of the statute compels this construction.   No other could be given without doing violence to the language used.   If the motive of the tenant was material, then probably the judgment would have been correct, and the manner of removal and the purpose of defendant would have been proper matters to inquire into.   But under the view we take of the case, all that it was necessary for the plaintiff to establish was, that the tenant had removed an appreciable part of the crop within thirty days without the consent of the landlord.   (*Masterson v. Bentley*, 60 Ala. 520.)

We recommend that the judgment be reversed.

By the Court: It is so ordered.

All the Justices concurring.