[Foxworth v. Brown Bros.]

# Foxworth v. Brown Bros.

*Action of Assumpsit for Money had and received.*

114   299·
s120   66
120   263

114   299
137   85

1. *Landlord's lien; notice thereof; actual knowledge not necessary.*—In order to charge a purchaser of cotton from a tenant with notice of the lien of the landlord, it is not necessary that he should have actual knowledge thereof, but if the purchaser has knowledge of facts sufficient to excite inquiry, or which would be naturally and reasonably calculated to cause him to suspect the existence of the landlord's lien, he is chargeable with notice.

2. *Evidence; admissibility of certified copy of mortgage.*—A certified copy of a chattel mortgage, which is not witnessed, proved or acknowledged, and is not shown to have been recorded within twelve months from the date of its execution, is not admissible in evidence, (Code of 1886, §§ 1798, 1804).

3. *General affirmative charge; when improperly given.*—Whenever the evidence only tends to support the case of one of the parties to a suit, or there can be different inferences drawn from the evidence, it is error to give the general affimative charge in favor of either.

4. *Purchase of tenant's crop; what constitutes knowledge of landlord's lien.*—When one who purchases from a tenant knows that the property purchased was raised on the rented premises, he is chargeable with knowledge of the landlord's lien; and upon the landlord not being paid his rent, such purchaser is liable to him therefor in an action of assumpsit for money had and received.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

This was an action of assumpsit, brought by the appellant, Francis G. Foxworth, against the appellees, Brown Brothers, and sought to recover the sum of $550 due plaintiffs January 1, 1893, as for money had and received by the defendants for the use of the plaintiff. The money sought to be recovered from the defendants was an amount due from one Shamberger upon a note which he had given to the plaintiff for the rent of a plantation owned by the plaintiff and known as the McNeil Place. The facts of the case are sufficiently shown in the opinion.

Upon the introduction of all the evidence, the court gave, at the request of the defendants, the general affirm-

ative charge in their behalf, and refused to give at the request of the plaintiff the following written charges: (1). "The court charges the jury that a person is chargeable with knowledge of the landlord's lien, who knows that the property purchased is the product of rented lands." (2.) "If the jury believe from the evidence that J. P. Shamberger rented the land called the McNeil Place from the plaintiff in the year 1892, and raised cotton thereon, and removed the same therefrom without paying the rent thereof for the said year, and without the consent of the plaintiff, and shipped the same to defendants and they sold the same and failed and refused to pay said rent to the plaintiff, and the defendants, before they sold said cotton, had knowledge of any fact sufficient to put them on inquiry, which if prosecuted with reasonable diligence would have disclosed to them the fact that said cotton was raised on the land rented by said Shamberger from the plaintiff in said year, they must find for the plaintiff, and it is immaterial from what source, or by what method, or at what time the information was obtained." (3.) "The court charges the jury that Shamberger, having told defendant in 1891, that he was renting land to make a crop on that year, and the defendant having paid the plaintiff $750 by draft drawn on them by Shamberger, and the draft specifying that it was for rent of the McNeil Place, if the jury find these facts to be true, then they can look at these facts, and decide whether they are sufficient to put defendants on inquiry as to what rent and to whom it was due for the year 1892, and if they find that these facts were sufficient to put defendants upon inquiry, which if followed up, would have disclosed to whom and what rent was due by him, Shamberger, for 1892, then they, the jury, should find for the plaintiff."

The plaintiff duly excepted to the court's giving the general affirmative charge requested by defendants; and also separately excepted to the court's refusal to give each of the charges requested by him. There were verdict and judgment for the defendants. The plaintiff appeals, and assigns as error the rulings of the trial court to which exceptions were reserved.

J. N. MILLER and CLARKES & WEBB, for appellant. Unless appellees were *bona fide* purchasers for value

[Foxworth v. Brown Bros.]

without notice, the lien of the landlord will prevail against them, and an action for the proceeds of the cotton sold and retained by them can be maintained.— *Scaife v. Stovall*, 67 Ala. 237 ; *Mannasses v. Dent*, 89 Ala. 565 ; *Lomax v. LeGrand & Co.*, 60 Ala. 537 ; *Ex parte Barnes*, 84 Ala. 540.

The testimony of the witnesses, Foxworth and Shamberger, shows sufficient facts to put defendants on notice of appellant's lien as landlord on the cotton sold by appellees and proceeds appropriated by them ; or of sufficient facts to awaken a suspicion of the existence of such lien.—*Kyle v. Ward*, 81 Ala. 122 ; *Boggs v. Price*, 64 Ala. 514 ; *Lomax v. LeGrand & Co.*, 60 Ala. 537.

GREGORY L. & H. T. SMITH, *contra.*—1. An action for money had and received can never be maintained, unless it is made to appear that the defendant has actually had and received money belonging to the plaintiff.—*Ralston v. Bell*, 2 Dallas 242 ; *Lemington v. Stevens*, 48 Vt. 38 ; *Fuller v. Duren*, 36 Ala. 73 ; *Pike v. Bright*, 29 Ala. 332.

2. The cotton was shipped to the defendants as commission merchants, that is, as the agents of Shamberger, the tenant, and was by them sold and the proceeds accounted for and turned over to their principal, before any demand had been made upon them by the landlord. "The rule of law is too well settled to admit of controversy that if an agent received money to which his principal is not entitled, yet, if the agent pays it over before demand is made, or notice given to him not to pay it to his principal, such payment will discharge the agent from all liability."—*Upchurch v. Norsworthy*, 15 Ala. 705 ; *Crutchfield v. Wood*, 16 Ala. 704 ; *Gachet v. McCall*, 50 Ala. 309 ; *Boring v. Williams*, 17 Ala. 520 ; *Gray v. Otts*, 11 Vt. 628 ; *Cabot v. Shaw*, 30 N. E. Rep. 99 ; *Jefti v. York*, 10 Cush. 392 ; *Hawley v. Manchius*, 7 Johns. 179 ; *Frye v. Lockwood*, 4 Cowen 456.

3. No recovery can be had by a landlord against a purchaser from the tenant, without proof of notice of the lien.—*Scaife v. Stovall*, 67 Ala. 237 ; *Ehrman v. Oates*, 101 Ala. 604.

HARALSON, J.—It is properly admitted by appellees, that when one purchases cotton grown upon rented land, with notice of the landlord's lien thereon, and sells it

and receives the money therefrom, and appropriates it to his own use, assumpsit will lie by the landlord for the money had and received.—*Booker v. Jones*, 55 Ala. 275; *Barnett v. Warren & Co.*, 82 Ala. 558; 1 Brick. Dig. 140, §§ 72, 73.

Actual knowledge is not necessary to charge a purchaser of cotton from the tenant with notice of the lien of the landlord on the same. Whatever is sufficient to put him on inquiry, is also sufficient to charge him with notice.—*Lomax v. LeGrand & Co.*, 60 Ala. 537; *Townsend v. Brooks*, 76 Ala. 311; *Warren & Co. v. Barnett*, 83 Ala. 208. If the purchaser have knowledge of facts sufficient to excite such inquiry, or a knowledge of facts, which would naturally and reasonably be calculated to arouse suspicion of the main fact, notice of which is sought to be charged to him, the duty of inquiry exists and he must exercise it.—*Kyle v. Ward*, 81 Ala. 120; and authorities *supra*.

The facts of the case, applicable to the foregoing principles are, that the cotton for the proceeds of which defendants are sued, was raised on the plaintiff's plantation in Wilcox county, known as the McNeil Place. The evidence of plaintiff further shows that J. P. Shamberger rented said plantation from the plaintiff for the year, 1892, for $550, for which he gave him his note, dated February 25th, 1892, payable on the 15th December following, and that said note has never been paid.

It was also in evidence that Shamberger raised on the said farm, in 1892, about forty bales of cotton, worth about thirty dollars per bale, and that he shipped the cotton, as it was gathered each week to defendants, without the consent of the plaintiff, and defendants sold the cotton just as they received it. The witness, Shamberger, for plaintiff testified, that in 1891 and 1892, he was farming and running a store, that he shipped to defendants about sixty other bales of cotton besides the 40 bales from the McNeil Place; that defendants advanced to him and he shipped cotton in payment, and also drew against it in the ordinary course of business, and when he made shipments, he did not notify defendants whether the cotton came from his mercantile business, or from his own or the McNeil Place. He further testified that he gave defendants a mortgage on the crops grown on the McNeil Place in the year 1892; that in 1891, he rented

[Foxworth v. Brown Bros.]

said farm from plaintiff for $750, and in that year he shipped cotton from the place to defendants and paid the rent by giving a draft to plaintiff on them, and it was shown, that that draft contained the statement that it was "for rent of the McNeil Place." B. F. Foxworth, who was the agent for plaintiff, testified that Shamberger had never, previous to the time the rent for 1892 fell due, shipped cotton from said place before paying the rent, or before perfecting an arrangement for the settlement of it, and that the cotton would not be shipped until he had given a draft for the rent. He further testified, that between the 1st and 10th of January, 1893, he demanded from defendants the $550 which Shamberger owed as rent of said farm in 1892, and they replied, that they had no money in their hands belonging to Shamberger, that he had drawn what he had, and they could not pay the note. Shamberger testified that he was present at this interview, and his impression was, that a small balance stood against him with defendants at the time. He also stated that when he commenced doing business with defendants, he told them he had a place of his own and was renting some land ; that he did not remember whether he told them the name of the place he was renting, from whom he was renting, and the amount of rent he was paying. He was not positive whether he told them the name of his own place, but he had no farm called the McNeil Place, which latter place belonged to plaintiff, and was always known by that name.

The certified transcript of the alleged mortgage from Shamberger to defendants, on the crop to be raised on the McNeil Place for the year 1892, was not witnessed, proved or acknowledged, to say nothing of its not having been recorded within twelve months from its date ; and it was properly excluded from evidence——Code of 1886, §§ 1798, 1804 ; *Campbell v. O'Neal*, 81 Ala. 476.

The court erred in giving the general charge for the defendants. Whenever there is an inference of fact to be drawn from the facts proved, or, if the evidence only tends to support the plaintiff or defendant, the jury alone is competent, and not the court, to draw the inference or determine the fact the evidence tends to establish.—*Boyd v. The State*, 88 Ala. 169 ; *Rabbitte v. Orr*, 83 Ala. 186 ; *L. & N. R. R. Co. v. Gentry*, 103 Ala. 636 ; 1 Brick. Dig. 335, § 3 (5).

[Maxwell v. The Brown Shoe Co.]

It needs no discussion of the foregoing evidence · to show, that a reasonable inference might be drawn from the facts proved, that the defendants had knowledge of facts which were reasonably calculated to arouse suspicion in their minds that the cotton was raised on plaintiff's farm under rent from him to said Shamberger. The evidence tended to support but did not conclusively establish the plaintiff's contention as to this question. The determination was, therefore, one for the jury.

Charge No. 1 asked by plaintiff and refused asserts simply, the correct proposition, that when a purchaser knows that the property purchased is the product of rented land, he is chargeable with knowledge of the landlord's lien ; and should have been given.—*Masterson v. Bentley*, 60 Ala. 520 ; *Boggs v. Price*, 64 Ala. 519, and authorities *supra*.

We have examined charge No. 2 asked by plaintiff and refused, and can find no objection to it, under the evidence and principles we have announced above. Charge 3 was argumentative, lays stress upon particular facts and was properly refused.

It must be said, however, as to charges, that the abstract fails to show that they were requested in writing, and for that reason they were properly refused.

Reversed and remanded.