CARRIE  BERRY  v.  ALBERT  BERRY,  W.  L.  PATTERSON;
*et al.*

### No. 442.

LANDLORD  AND  TENANT—*Subtenant*—*Lien  on  Crops.*   Crops grown by a subtenant of the lessee are subject to the landlord's statutory lien.

Error from Chase district court; LUCIEN EARLE, judge.   Opinion filed December 21, 1898.   Reversed.

*Madden Bros.*, for plaintiff in error.

*John Maloy*, for defendants in error.

The opinion of the court was delivered by

MILTON, J. :  Two issues are presented by the record in this case.   The first is an issue of fact :  Were

Terry and Patterson, the interpleaders herein, sub-tenants in good faith of Albert Berry, the lessee under the lease from Carrie Berry, plaintiff in error and plaintiff below?  The second issue is one of law: Does a landlord's lien extend to and include crops grown by a subtenant of the original lessee?  The issue of fact has been settled in favor of the inter-pleaders by the verdict and judgment, which in this respect are abundantly supported by the evidence.

The facts necessary to an understanding of the issue of law are in brief as follows: Albert Berry entered into possession of the "Berry ranch," located in Morris and Chase counties, and containing nine sec-tions of land, on April 1, 1891, under a written lease of that date, providing for a three-years term, at an annual rental of $3000, the last $2000 of which was payable on the 15th day of October of each year. The payment of the rental was guaranteed in writing by two sureties.  The lease contained no provision as to distraint and none prohibiting subletting.  The present action was brought by the lessor to recover the sum of $2000, it being the rental due on October 15, 1892.  At the commencement of the action, an order of attachment was issued and a levy made there-under on certain crops raised in 1892 on portions of the ranch subject to cultivation, in the aggregate about 560 acres.  Patterson and Terry interpleaded, Patterson claiming to be the owner of the attached property to the extent of the crops grown on about 450 acres, and Terry claiming to be the owner of two-thirds of the crops grown on 111 acres.  The interplea-ders also averred that Patterson had paid $800 in cash, and that Terry was to pay one-third of the crop grown by him, as rental, to Albert Berry, for the use of the lands so farmed by the interpleaders.

By agreement, the sheriff of Chase county was appointed receiver of the attached property, by the district court of that county, and the property was sold and the proceeds held for distribution in accordance with the judgment of the court thereafter to be entered. Judgment was rendered against Albert Berry by default for the amount claimed by the plaintiff to be due, and the jury found in favor of the following distribution of the proceeds arising from the sale of the attached property : To the plaintiff, $228.58, as the value of one-third of Terry's crop ; to Terry, $457.17, as the value of two-thirds of his crop ; and to Patterson $805, as the value of his crop.   Plaintiff's motion for a new trial having been overruled, judgment was rendered in accordance with the verdict.

Section 26, chapter 121, of the General Statutes of 1897 (Gen. Stat. 1889, ¶ 3633) , reads :

"Any rent due for farming land shall be a lien on the crop growing or made on the premises.   Such lien may be enforced by action and attachment therein, as hereinafter provided."

Section 13 of the same chapter provides that no tenant for a term not exceeding two years shall transfer his term or any interest under his lease to another without the written assent of his landlord.   In construing said section 26, as then designated, the supreme court has said :

"Under section 24, chapter 55, Compiled Laws 1879, any rent due for farming land is a lien on the crop growing or made on the premises, independent of the attachment proceedings specifically prescribed by the subsequent sections of chapter 55." (*Neifert v. Ames*, 26 Kan. 515.)

In *Knowles v. Sell*, 41 Kan. 171, 21 Pac. 102, the syllabus reads : "A landlord has a lien upon every

part of the crop raised upon the leased premises.''
The code of Iowa provides as follows : ''A landlord
shall have a lien for his rent upon all crops grown
upon the demised premises and upon other personal
property of the tenant which has been used upon the
premises during the term.''   Construing the first part
of the provision, the supreme court of that state, in
the case of *Houghton v. Bauer,* 70 Iowa, 314, 30 N. W.
577, said :

'' There can be no question, we think, as to the ef-
fect of this provision.   The lien attaches.to ' all crops
grown upon the demised premises.'   It can make no
difference that they were grown by a subtenant, for
the question whether the lien attaches to them does
not depend upon whether they were grown by the
tenant, but upon whether they were grown upon the
demised premises.   The language of this provision is
clear and explicit.   There is no room for construc-
tion.''

The court also held that the crops of the subtenant
could be appropriated under a landlord's attachment
in an ordinary action against the original tenant for
the rent.   After a somewhat extended reading of de-
cisions bearing upon the question before us, we have
reached the conclusion that the section quoted from
our statutes will bear no other construction than that
given by the supreme court of Iowa to the foregoing
provision of the code of that state.   We hold, there-
fore, that the court erred in instructing the jury that
the crops grown by the subtenant were not subject to
the landlord's lien.   This error requires a reversal,
unless the record discloses a waiver by the lessor of
such lien by taking security for the payment of the
rental.   The trial court referred to such a waiver in
an instruction to the jury, which instruction was duly
excepted to by the plaintiff below.   An examination

of the pleadings shows that the waiver was not pleaded. It was therefore error to embrace this proposition in the instructions. (*Insurance Co. v. Thorp*, 48 Kan. 239, 28 Pac. 991; *Gillett v. Insurance Co.*, 53 id. 108, 36 Pac. 52.) In the first of these two cases the court said: "There is nothing in the pleadings on the subject of waiver. The plaintiff could not prove a 'waiver without first having plead it."

The judgment of the district court will be reversed and the cause remanded for a new trial.