A. E. HARMON, *Revived, etc.*, v. CHARLES PAY-
TON *et al.*

**No. 13,324.** ( 74 Pac. 618.)

SYLLABUS BY THE COURT.

1. LANDLORD AND TENANT—*Attachment for Rent.* Under section
27 of the landlord-and-tenant act (Gen. Stat. 1901, § 3871), a land-
lord is entitled to an attachment upon the crops raised by his
tenant where the rent is payable in a share of the crop, in case
the tenant has disposed of an appreciable portion of such crop,
even though a sufficient portion is left for the landlord's share,
and even though the time has not arrived when such share should
be harvested and delivered.

2. ——— *Distribution of Proceeds of Sale.* In case a landlord's
attachment is maintainable, the rent being payable in a share of
the crop, and the attached crop has by order of the court been
sold and converted into money, it is the duty of the court to as-
certain the value of the landlord's share at the time it should,
under the contract or custom of the country, have been delivered
to him, and direct its payment out of the proceeds of the sale of
the attached crop.

Error from Sedgwick district court; D. M. DALE,
judge. Opinion filed December 12, 1903. Reversed.

*Adams & Adams*, for plaintiff in error.

*I. P. Campbell & Son*, and *S. B. Amidon*, for de-
fendants in error.

The opinion of the court was delivered by

CUNNINGHAM, J.: Harmon brought his action
against the defendants in error for the purpose of ob-
taining an attachment to enforce a landlord's lien on
crops raised on premises which he had leased to them.
His petition set out the necessary facts and his affi-
davit was sufficient in form. The jury returned a
general verdict in favor of the defendants, and found
special facts in answer to questions propounded to

them.    The case-made contains nothing beyond the pleadings, instructions, findings, and judgment.

The plaintiff in error, as administratrix of the estate of the original plaintiff, contends that judgment should have been rendered in favor of the plaintiff upon the special findings, notwithstanding the general verdict. The special findings, summarized, show the facts to be that the plaintiff leased the defendant's farm land in question for the year 1899 under an agreement that he was to have one-third of all crops raised; that under a custom of the neighborhood, which, in the absence of a special agreement upon this particular point, was held to govern, the plaintiff's share of the rent was not to become due until the crops were fit for gathering.    The crops raised were broom-corn, Kafir-corn, and field-corn.    As to the broom-corn, the defendants were to harvest it and after paying the expense thereof to account to the plaintiff for one-third of the balance.    This had been or was being done at the time of the attachment.    As to the Kafir-corn, the defendants were to harvest and deliver it in the field. This had been done in accordance with the agreement at the time the suit was brought.    As to the field-corn, the defendants were to husk the same at proper time and deliver.    By the custom of the neighborhood they were not required to gather and deliver plaintiff's share before they did their own.    At the time of the bringing of the action the field-corn had been divided but was still on the premises, not having been husked or delivered, the proper time for so doing not having arrived.    The defendants had done nothing to indicate that they did not intend, in due and proper time, to do this.    They had, however, removed a considerable portion of their own share of the field-corn within thirty days prior to the bringing of this action.

The jury further found that, because the Kafir-corn had been delivered in accordance with the custom of the neighborhood, and the usual time for gathering and cribbing the field-corn had not passed, the defendants owed the plaintiff nothing at the time of the bringing of the action, and gave their general verdict in defendants' favor. The attached crops were sold prior to the trial by a receiver and the money brought into court. The broom-corn was marketed, and the defendants were found to have in their hands thirty-six dollars as the plaintiff's share thereof. The court approved the general verdict, directed the money which had been received upon the sale of the attached property, less the thirty-six dollars due the plaintiff on the broom-corn, to be paid over to the defendants, and taxed the costs of the action against the plaintiff.

We are of the opinion that, upon the facts specially found, the judgment should have been otherwise. Section 27 of the landlord-and-tenant act (Gen. Stat. 1901, § 3871) provides that, "when any person who shall be liable to pay rent (whether the same be due or not, if it be due within one year thereafter, and whether the same be payable in money or other things) intends to remove, or is removing, or has within thirty days removed his property, or the crops, or any part thereof, from the leased premises," the landlord may levy an attachment for his rent. The section has been construed in *Knowles v. Sell*, 41 Kan. 171, 21 Pac. 102, to give the landlord an enforceable lien upon all the crops raised on the landlord's premises, when the tenant, without the landlord's consent, shall remove any appreciable part of the crop therefrom, the motive of the tenant in removing being immaterial, the simple fact of the removal be-

fore the final adjustment of the landlord's rights be-ing enough to furnish ground.

It would seem clear that under the facts found in the case at bar the attachment should have been sus-tained. While the tenants were authorized, under the contract as found, to dispose of the broom-corn and pay the landlord his share in money, and while the Kafir-corn had been cut and delivered to the land-lord in accordance with the custom of the neighbor-hood, there being no contract regulating the matter, yet, the field-corn was still to be husked and delivered, and the landlord had the right to his lien upon the en-tire crop to compel this. Under the statute quoted, a landlord is not required to rely upon the promise or purpose of the tenant to carry out his part of the contract; he is given a lien upon the entire crop to secure from the tenant the performance of his con-tract, and the tenant may not remove any appreciable portion of the same, no matter how good his purpose, without subjecting himself to the penalty of the stat-ute, except by the consent of the landlord or a waiv-ing of the lien. In this case there were neither pleadings nor findings that he had waived this lien. While the jury found that the tenants owed the land-lord nothing at the time of the commencement of his action, this finding was based upon the fact that the time for husking and delivery of the field-corn had not then arrived. This, however, was immaterial, as the lien continued until the rent had been paid or the share delivered.

If the rent is to be paid in a share of the crop, it is the landlord's right to have this matter adjusted and his share delivered before the tenant removes any portion from the premises. This right inheres in the contract of rental, and if the tenant removes any por-

tion of the crop he breaks his contract, and the landlord may then recover from the tenant the value of his share at the time it should have been delivered, in money, the same being secured by an attachment.

While in this case the attachment should have been sustained, it does not appear what the value of the landlord's share was and we are not able to direct the entry of a judgment. Hence, we must reverse the judgment heretofore rendered and direct further proceedings in accordance with this opinion.

All the Justices concurring.