GEORGE T. REW, Appellant, v. JOHN MAYNES.

**Landlord and tenant:** SALE OF CROP BY TENANT: RECOVERY BY LANDLORD. A landlord who predicates his right to recover for grain sold by the tenant, on the ground that the security of his lien for rent is impaired to that extent, may recover as for conversion against one who purchased and removed the same with notice or knowledge of his lien.

**Same:** CONSTRUCTION OF CONTRACT: OWNERSHIP OF CROP. Where the plaintiff, as in this case, contracted with the defendant to furnish him with teams and implements for raising a crop, and that the defendant should have possession of the land until the crop was harvested, should gather and deliver to the plaintiff the rent share of the crop, and that defendant should receive as pay for his labor the market price of a portion of the crop; it is held, that the contract was one of lease of the premises for a share of the crop as rent and that the crop was the property of the defendant subject to plaintiff's lien, under the rule that in the absence of a contrary agreement the product of the leased premises belongs to the tenant.

*Appeal from Mills District Court.*—HON. A. B THORNELL, Judge.

SATURDAY, APRIL 9, 1910.

ACTION to recover in damages the value of six hundred and twenty-five bushels of corn purchased by defendant from one Richardson, who under contract with plaintiff had raised said corn on plaintiff's premises. Defendant's demurrer to plaintiff's petition was sustained, and the petition was dismissed. Plaintiff appeals.—*Affirmed.*

*Genung & Genung,* for appellant.

*W. E. Mitchell* and *W. S. Lewis,* for appellee.

McCLAIN, J.—Under a written contract drawn in the form of a lease, one Richardson took possession of certain premises of the plaintiff prior to 1908, and by extension of the contract was to remain in possession thereof from March 1, 1908, until March 1, 1909, for the purpose of raising corn and other grain thereon; it being stipulated that plaintiff should furnish the necessary seed and farm implements for raising the crop, and that Richardson should deliver the corn grown on the premises to plaintiff on or before the 15th day of December, and receive pay for one-fourth thereof at the market price. It was also provided that out of the amount which would thus become due to Richardson plaintiff should be entitled to retain any sums of money advanced by him to Richardson; it being specially provided that plaintiff should have a lien on the crops for all sums thus advanced. It is alleged that plaintiff had advanced to Richardson under this contract a sum of money in excess of the amount which would be due to Richardson for his one-fourth of the crop of corn, and that plaintiff thereby became the owner of the entire crop, and that defendant, with knowledge of the terms of this contract, purchased from Richardson and removed from the premises during the month of December, 1908, six hundred and twenty-five bushels of said corn, worth fifty cents per bushel, and plaintiff asked judgment against defendant for the value of said corn thus alleged to have been wrongfully converted by defendant.

The question presented for determination is whether plaintiff was the owner of the corn bought by defendant from Richardson, and removed from the leased premises. It is not contended for defendant that plaintiff did not have a contract lien in the nature of a mortgage to secure his rent and money advanced to Richardson. If plain-

1. LANDLORD AND TENANT: sale of crop by tenant: recovery by landlord.

tiff had predicated his right to recover on his contract
lien, and demanded from defendant possession of the corn
on the ground that the security of his lien was impaired
to the extent to which corn was taken from the premises
by defendant, he would have had a right of action for
conversion. *Beck v. Minn. & W. Grain Co.,* 131 Iowa,
62; *Frorer v. Hammer,* 99 Iowa, 48; *Blake v. Counselman,*
95 Iowa, 219; *Evans v. Collins,* 94 Iowa, 432.

But plaintiff predicated his right to recover on the
absolute ownership of the corn, and his counsel contend
that under the agreement between him and Richardson
the latter never had any title to the corn,

2. SAME: con-
struction of
contract:
ownership
of crop.

but was to receive, by way of compensation
for his labor in raising it, the market price
of an one-fourth portion thereof. We do not
so interpret the contract. It is in the form of a lease
under which Richardson was entitled to the possession of
the premises until the crop should be matured and har-
vested, and, while there is language in the instrument im-
plying a delivery of all the corn raised to plaintiff, the
specific provision with reference to such delivery was that
Richardson should gather and deliver "all rent corn in
good condition on or before the fifteenth day of Decem-
ber," and that the corn should be gathered out and the fields
turned over to plaintiff on or before that date; and, also,
that Richardson would gather out the rent corn first and
notify plaintiff so that he might examine the fields as to
the correctness of the division. We think it plain that
the parties contemplated a leasing under which Richard-
son should be entitled to raise a crop of corn on the prem-
ises and deliver three-fourths thereof to the plaintiff by
way of rent, plaintiff furnishing implements, teams, etc.,
for the purpose, and that until the corn was thus gathered
and plaintiff's portion thereof delivered the crop should be
the property of the tenant, subject to plaintiff's lien for
rent and a contract lien for money advanced. In the

absence of any specific contract to the contrary, the produce of the leased premises belongs to the tenant. *Munier v. Zachary,* 138 Iowa, 219. We find no language in this contract creating an exception to such rule, and we think that, when Richardson sold a portion of the corn to defendant, he was transferring title to his own property, and not the property of plaintiff. As plaintiff did not predicate his right to reconvey on the impairment of his lien, but upon full and complete ownership, the demurrer to his petition was properly sustained.—*Affirmed.*