HANNAH HANSON et al., Appellees, v. C. D. CARL, Sheriff, Appellant.

**LANDLORD AND TENANT: Rent—Extent of Lien—Crops Grown by**
**1 Subtenant.** A landlord has a lien for his rent on crops which have

been grown upon the leased premises by a subtenant between whom and the landlord no privity of contract exists, and a sale of such crops by the subtenant will not defeat the lien. (See Book of Anno., Vol. 1, Sec. 10261, Anno. 29.)

**LANDLORD AND TENANT: Rent—Actions—Subtenant as Party.** A landlord need not, in an action to enforce his lien, make a subtenant a party defendant, even though a lien is claimed on crops grown by the subtenant. (See Book of Anno., Vol. 1, Sec. 10972, Anno. 62 *et seq.*)

**APPEAL AND ERROR: When Appeal Lies—Standing on Demurrer— Formal Election.** A pleader who (1) excepts to a ruling on demurrer, (2) does not plead over, and (3) suffers a final adverse judgment to be rendered, thereby affirmatively shows that he stands on his demurrer, with consequent right to appeal. (See Book of Anno., Vol. 1, Sec. 11148, Anno. 19 *et seq.*; Sec. 12823, Anno. 90 *et seq.*)

Headnote 1: 36 C. J. pp. 501, 503. Headnote 2: 36 C. J. p. 532 (Anno.) Headnote 3: 3 C. J. p. 484.

*Appeal from Hamilton District Court.*—SHERWOOD A. CLOCK, Judge.

MARCH 9, 1926.

ACTION against the sheriff for conversion of personal property. The defendant answered that he seized the property under a landlord's attachment, and sold it under a special execution on a judgment against the tenant. A demurrer to the answer was sustained. The defendant excepted to the ruling on the demurrer, refused to plead over, and judgment was rendered against him. From the ruling on the demurrer and the judgment he appeals.—*Reversed and remanded.*

*Edward P. Prince* and *Campbell & Campbell,* for appellant.

*Henderson & Jones,* for appellees.

VERMILION, J.—I. The petition alleged, in substance, that plaintiffs were the owners of certain corn; that the defendant, as sheriff of Hamilton County, in May, 1923, levied on the corn

**1. LANDLORD AND TENANT: rent: extent of lien: crops grown by subtenant.** under a writ of attachment issued out of the district court of Jasper County, in an action wherein one Engel was plaintiff, and one Skrovig was defendant; that plaintiffs served written notice on the defendant of their ownership of the corn, but, notwithstanding such notice, the defendant sold the corn under an execution issued on a judgment in such action, and thereby converted the same.

The defendant, by answer, alleged that the corn was grown by one A. L. Hanson upon land leased by Engel to Skrovig during the term ending February 28, 1923; that, under the terms of the lease, rent in the sum of $1,500 was due and unpaid, which was a lien upon the corn; that, in an action at law begun by Engle against Skrovig in Jasper County, to collect such rent, a writ of attachment was issued and levied on the corn; that judgment was rendered in such action against Skrovig for the rent due, and the corn ordered sold on special execution; that the corn was so sold, and the proceeds applied in partial satisfaction of the execution. The answer further alleged "that all rights said A. L. Hanson and the plaintiffs may at any time have had in said corn were subject and inferior to the aforesaid lien;" and that A. L. Hanson was indebted to Skrovig for rent in an amount in excess of the value of the corn.

The statute, Section 2992, Code of 1897 (Section 10261, Code of 1924), gives the landlord a lien for his rent upon all crops grown upon the leased premises. The lien is good as against crops grown by a subtenant. *Houghton v. Bauer*, 70 Iowa 314; *Beck v. Minnesota & W. Gr. Co.*, 131 Iowa 62. If the landlord had a lien upon the property, it could not be defeated by a sale of the property by the tenant, even though the sale had been made prior to the levy of the landlord's attachment. *Weaver v. Florke*, 195 Iowa 1085. And this would be true although the purchaser had no notice of the landlord's lien. *Hodges v. Trans-Mississippi Gr. Co.*, 161 Iowa 496. The lien of the landlord may be enforced by attachment, and the procedure shall be, as nearly as may be, the same as in other cases of attachment. Section 2993, Code of 1897 (Section 10264, Code of 1924). If the corn was raised on the leased premises, it was subject to the lien and subject to the levy under the writ of

attachment, although the title may have been in another person than the tenant. *Houghton v. Bauer,* supra.

It appears from the petition that, upon the levy of the attachment on the corn, the plaintiffs pursued the course pointed out by Section 3906, Code of 1897 (Section 12117, Code of 1924), and Section 3991 *et seq.,* Code of 1897 (Section 11698 *et seq.,* Code of 1924), by giving notice to the sheriff of their claim of ownership.

The sheriff, in answer to the petition charging him with conversion of the corn, alleged facts showing that the corn was subject to the landlord's lien; pleaded the levy thereon under the writ of attachment, the judgment, and the sale under special execution; and alleged that all the rights of the plaintiffs were subject and inferior to the lien. These allegations, if established, presented a good defense to the charge of conversion.

There was no privity of contract between the landlord and the subtenant. There was no occasion for making the latter a party to the action against the tenant for rent. *Beck v. Minne-*

2. LANDLORD AND TENANT: rent: actions: subtenant as party.

*sota & W. Gr. Co.,* supra. The judgment in that action is prima-facie evidence of the amount due the landlord for rent. *Foster v. Reid,* 78 Iowa 205. Of course, it did not adjudicate anything with respect to the claim of the plaintiffs to the corn. If they have any right superior to the lien established in favor of the landlord by the judgment, they can and must assert it in this action commenced by them against the sheriff for conversion of the corn. That is the very purpose of the action. If the corn was not raised on the leased premises, or if the landlord's rent has been paid, or if, for any other reason, the landlord had no lien on the corn, the plaintiffs may so plead and prove in this action.

To plead a good defense to the action, the defendant was not required to deny plaintiff's title to the corn, but only to allege facts showing that he held and sold the corn under a lien superior to their title. This he did in the answer, and the demurrer should have been overruled.

II. It was not necessary, to entitle defendant to appeal, that the record show a formal election on his part to stand on the ruling on the demurrer. He excepted to the ruling, and

3. APPEAL AND ERROR: when appeal lies: standing on demurrer: formal election.

did not plead over, and judgment was rendered against him. It thus affirmatively appears that he did not waive the error in the ruling, but staked his case on the demurrer. This was sufficient. See *Hansen v. Independent Sch. Dist.*, 193 Iowa 417, where the cases on the subject are reviewed.

The judgment is reversed and the cause remanded.—*Reversed and remanded.*

DE GRAFF, C. J., and STEVENS and FAVILLE, JJ., concur.