A. D. WILSON, Appellant, v. C. D. FORTUNE, Appellee.

No. 40085.

FEBRUARY 11, 1930.

*Buell McCash* and *Gillies & Daugherty,* for appellant.

*T. A. Goodson,* for appellee.

MORLING, C. J.—I. The timothy seed in question was sold by plaintiff's tenant to defendant. The petition alleges that the sale was "without knowledge or consent" of the plaintiff. The answer alleges affirmatively that the seed was sold by the tenant with the knowledge and consent of the plaintiff, for the purpose of paying a note of the tenant's, and that thereby plaintiff waived his landlord's lien, and is estopped from relying upon it. The court instructed the jury that plaintiff was required to establish by the evidence, among other things, that the tenant sold the seed to defendant "without the knowledge of the plaintiff." The court also charged that, if defendant's claim that plaintiff consented that defendant might sell the seed for the purpose of paying the note was established, that fact would be a waiver of the lien, and plaintiff could not recover; but, if the jury failed to find that plaintiff consented that the tenant might sell the seed, then their verdict should be in favor of the plaintiff. Plaintiff's principal contention is that the court erred in instructing that the burden was on plaintiff to prove that the tenant sold the seed without his knowledge.

The law in this state is settled that a landlord whose lien has been destroyed or lost by reason of the sale of the property by the tenant may maintain an action against the purchaser for conversion unless he has waived, or is estopped from asserting, his lien. *Blake v. Counselman & Co.,* 95 Iowa 219; *Holden v. Cox,* 60 Iowa 449; *Scallan v. Wait,* 64 Iowa 705; *Rew v. Maynes,* 147 Iowa 15.

The landlord by consenting to or authorizing the sale

waives his lien. He may also, through consent, estop himself from asserting it. *Hoyt v. Clemans,* 167 Iowa 330; *Wright v. E. M. Dickey Co.,* 83 Iowa 464.

The mere sale of the property by the tenant does not of itself, however, destroy the lien. Id.; *Blake v. Counselman & Co.,* 95 Iowa 219; *Hanson v. Carl,* 201 Iowa 521.

Waiver or estoppel is an affirmative defense, the burden of proving which is on defendant. It follows from these principles that the landlord's mere knowledge of the sale would not destroy the lien, and that, in an action brought by him for conversion of property on which he had a landlord's lien, it would not be essential for him to prove that the sale was without his knowledge. *Adams v. Paton & Co.* (Tex. Civ. App.), 173 S. W. 546; *Bivins v. West* (Tex. Civ. App.), 46 S. W. 112; *Antone v. Miles,* 47 Tex. Civ. App. 289 (105 S. W. 39); 36 Corpus Juris 516.

The instruction placing the burden of proof on plaintiff to show that the tenant sold the seed to defendant without plaintiff's knowledge is erroneous, and we cannot say that it  is without prejudice. The instructions are inconsistent and contradictory. Defendant contends that plaintiff pleaded and introduced evidence that the sale was without his knowledge or consent, and therefore presented the case to the court on the theory that he must establish absence of knowledge. While plaintiff did plead that the sale was without his knowledge or consent, defendant pleaded affirmatively that the sale was with plaintiff's knowledge and consent. Plaintiff was required to prove no more of his allegations than was necessary to make out his case. It cannot be said that the accepted theory of the trial was that the burden of proof was on plaintiff to prove want of knowledge or consent.

II. The tenant was a witness for defendant, and testified that he was authorized by plaintiff to make the sale. Plaintiff  offered to prove by the tenant's cross-examination, as affecting his credibility, that the tenant, a little more than a year before his examination, had forged a check, and had been arrested for forgery; that he had knowingly uttered a forged check, and had procured himself to be

committed to the insane asylum, to avoid prosecution; that he knew, at the time he was being examined, that it was a crime to sell the seed without the landlord's consent when the rent was unpaid, and knew that the statute of limitations had not yet run, and that he might yet be prosecuted for the crime, and that his admission of selling the seed without consent might be used against him in such prosecution. The offer was refused. The court did not exceed his proper discretion in refusing this offer of proof.—*Reversed.*

Evans, Faville, Kindig, and Grimm, JJ., concur.