# Kelly v. Eyster.

*Action of Tresspass on the Case.*

| 102 | 325 |
| 119 | 31 |
| 102 | 325 |
| 120 | 67 |

1. *Action on the case.*—Where, in a complaint the plaintiff claims damages for that "the defendant moved or caused to be moved and converted to his own use, five bales of cotton, on which plaintiff had a lien for rent and advances, and the plaintiff avers that defendant had knowledge of the existence of such lien at the time he removed or converted such cotton, and by said removal or conversion said lien and the remedy for its enforcement were lost to the plaintiff," the action is in case; the wrong done being the removal of the cotton, in consequence of which the plaintiff lost his lien and was damaged.

2. *Pleadings; insufficiency of complaint waived by failure to interpose demurrer.*—Although a complaint may be insufficient and defective in alleging the existence of a lien as a conclusion of law, instead of averring facts upon which the lien arose and existed, this infirmity, no demurrer being interposed, is waived by the plea of not guilty.

3. *Evidence; relation of landlord and tenant.*—In an action on the case, for the destruction of a landlord's lien and of the remedy for its enforcement, by reason of the removal of crops grown on rented premises, it is competent for the plaintiff to prove the relation of landlord and tenant between himself and the party from whom the defendant received the property removed, and also knowledge or notice by defendant of the existence of such relation, as going to show that the defendant knew, at the time of its removal, of the existence of the plaintiff's lien on said property raised by the tenant on the rented premises.

4. *Same; ownership of rented lands by plaintiff.*—In an action on the case against one who has deprived plaintiff of his landlord's lien by the removal of his tenant's crop, the question as to whether the plaintiff had title to the rented premises is not a pertinent inquiry to the issue involved; since without title the plaintiff could still be the tenant's landlord, and have a right to collect the rental agreed upon, by the enforcement of the landlord's lien upon the crops grown on the rented premises.

5. *Same; evidence of mortgage on crops raised on other lands.*—In such an action it is not competent for the defendant to prove that the tenant of the plaintiff had executed to him a mortgage on the crops raised on other lands than those rented from the plaintiff; since, although he may have had a right to the cotton or its proceeds as against the plaintiff's tenant and his, defendant's, mortgagor, defendant had no right thereto as against the plaintiff, if he knew the cotton was

[Kelly v. Eyster.]

the product of plaintiff's land, and also had knowledge of plaintiff's lien.

6. *Notice of the relation of landlord and tenant; duty of purchaser from tenant to inquire as to the existence of landlord's lien.*—Where one buys cotton, which he knows to have been raised by the seller on rented land, he is bound to inquire as to the existence of a lien in favor of the landlord on said cotton, and in failing to make such inquiry, he can not claim protection against said lien.

7. *Charge to jury; omission of the hypothesis of the jury's belief of the evidence.*—Where a charge states facts, which are uncontroverted and testified to by both plaintiff and defendant, the omission of the hypothesis, if the jury believe the evidence, then such facts existed, if error at all, is without injury to the defendant.

8. *Application for new trial; when refusal not reversed by this court.*—This court will not reverse an order of the trial court refusing a new trial, on the ground that the evidence is not sufficient to support the verdict, or that the verdict is contrary to the evidence, unless, after allowing all reasonable presumption of its correctness, a preponderance of the evidence against the verdict is so decided as to clearly convince the court that such refusal was wrong and unjust.

APPEAL from the Circuit Court of Lawrence.

Tried before the Hon. H. C. SPEAKE.

This was an action on the case, brought by the appellee, William S. Eyster, against the appellant, Terrence Kelly. The complaint in this case was in the following language : "The plaintiff claims of the defendant the sum of two hundred dollars for that, whereas in or about the month of December or January, 1891, defendant moved or caused to be moved and converted to his own use five bales of cotton on which plaintiff had a lien for rent and advances. And plaintiff avers that defendant had knowledge of the existence of such lien at the time he moved or converted said cotton ; and that by said removal or conversion said lien and the remedy for its enforcement were lost to plaintiff's damage two hundred dollars." There were no demurrers interposed to the complaint; and issue was joined on the plea of the general issue. The tendencies of the evidence are sufficiently stated in the opinion.

On the examination of the plaintiff as a witness in his own behalf, he testified that he rented lands to L. C. McVay, Jr., for the year 1890, and had never received any rent for said land. The defendant objected and moved the court to exclude from the jury, any testimony tending to establish the relation of landlord and tenant be-

tween plaintiff and L. C. McVay, Jr., "because the complaint does not set out any such relation." The court overruled his objection, and the defendant duly excepted. The witness then testified that there was a written contract of lease between him and the said McVay, and offered the same in evidence. The defendant objected to the introduction of said contract of lease, "because the complaint does not allege the existence of the relation of landlord and tenant;" and duly excepted to the court's overruling his objection. The plaintiff was then asked, if the said McVay was in possession of the same property prior to 1890? To which question the defendant objected, because it was illegal and irrelevant, and duly excepted to the court's overruling his objection. The witness answered that he was. The defendant moved to exclude this answer from the jury, and duly excepted to the court's overruling this objection and motion. The plaintiff was then asked, "If the defendant, Kelly, paid the plaintiff McVay's rent for the years 1888 and 1889?" The defendant objected to this question, and excepted to the court's overruling his objection. The witness answered, that he did. The defendant duly excepted to the court's overruling his motion to exclude this answer from the jury. This last question was prefaced with the statement made to the court that the plaintiff "expected to show by the witness that there had been no change in the possession of the premises in the year 1890, and that the defendant knew this fact. The plaintiff, on being asked, if he told the defendant that McVay was under contract with him for the rent of the premises during 1890? answered that he did; and to this question and answer the defendant separately objected, and separately excepted to the the court's overruling each of his objections. The court permitted the plaintiff, against the objection and exception of the defendant, to introduce in evidence a note purporting to have been given by the said McVay to the plaintiff for the rent of the lands for the year 1890. On cross-examination as a witness, the plaintiff was asked by the defendant, "If he was the owner of the said lands rented to said McVay in the year 1890, and if not, what interest he had in said lands?" The court sustained the plaintiff's objection to this question, and defendant duly excepted.

The defendant offered to introduce in evidence a

mortgage, purporting to be duly executed and acknowl-
edged, by said L. C. McVay, Jr., to the defendant "to
secure an indebtedness to the defendant, from said McVay
of $700, which said mortgage conveyed the place on
which the said McVay lived, together with the crops
raised by him and others in the year 1890." The plain-
tiff objected to the introduction of the said mortgage in
evidence, because it was irrelevant and immaterial, and
because "the defendant did not connect it with the cot-
ton received by him." The court sustained the objec-
tion, and the defendant duly excepted.

At the request of the plaintiff, the court gave the fol-
lowing written charges; and to the giving of each of them,
the defendant separately excepted : (1.) "If you believe
from the evidence that Kelly did not know that Eyster had
a lien for the rent upon the cotton raised upon the rented
premises, and at the same time had notice of facts,
which, if he had pursued, would have enabled him to
have ascertained its existence, he could not claim pro-
tection against said lien." (2.) "I charge you that un-
der the evidence in this case that McVay was Eyster's
tenant, and that Kelly knew that he was such tenant."

Upon the return of the verdict by the jury, the defend-
ant moved for an arrest of judgment on certain specified
grounds, which motion was overruled by the court.
Thereupon the defendant moved the court to grant a new
trial, on the following grounds : 1st. That the ver-
dict was contrary to the evidence. 2d. That the
verdict was contrary to the law as given by the
court in charges to the jury. 3d. The verdict was
contrary to the law and evidence. 4th. That the court
erred in giving the charge numbered 1, requested by the
plaintiff. This motion was overruled, and the defendant
duly excepted.

There was judgment for the plaintiff. The defendant
appeals, and assigns as error the several rulings of the
trial court upon the evidence, the giving of the charges
requested by the plaintiff, and the overruling of the de-
fendant's motion for a new trial.

C. M. SHERROD and ROULHAC & NATHAN, for appell-
ant.—1. The complaint in this case was in trover, and
the suit should not, therefore, be maintained, since tro-
ver will not lie where the plaintiff has no legal title to

[Kelly v. Eyster.]

the property alleged to have been converted.—*Thompson v. Powell*, 77 Ala. 391; *Evington v. Smith Bros.*, 66 Ala. 398; 4 Amer. & Eng. Encyc. of Law, 111, note. 2. Nor does the existence of the landlord's lien give the plaintiff the right to the possession of the property on which it rests.— 1 Chitty on Pleadings (16th Ed.), 165–7; *Kemp v. Thompson*, 17 Ala. 9; *Corbitt v. Reynolds*, 68 Ala. 380. 3. If the action was an action on the case for the removal of the property, by which the plaintiff's lien was lost, he was not entitled to recover under the proof in this case. If the cotton was raised on lands of the plaintiff, and the defendant bought it without notice of the lien, he would be entitled to protection as a *bona fide* purchaser without notice.—*Lavender v. Hall*, 60 Ala. 214; *Lomax v. LeGrand*, 60 Ala. 537; *Scaife v. Stovall*, 67 Ala. 237; *Corbitt v. Reynolds*, 68 Ala. 380; *Wilson v. Stewart*, 69 Ala. 304; *Manasses v. Dent*, 89 Ala. 568, 8 So. Rep. 108. 4. When a tenant has possession of crops raised on rented premises, distinct from the possession of the premises, he can then sell such crop and convey a good title to the purchaser.—*Lomax v. LeGrand*, 60 Ala. 537.

JOHN C. EYSTER, *contra.*—It was competent for the plaintiff to testify that defendant had paid him the rent due from McVay for the rent of the lands for the years 1888, 1889, and that plaintiff told him, defendant, that he had leased the same lands to McVay for 1890. This was competent to show notice to the defendant of the relation of landlord and tenant between the plaintiff and said McVay.—*Rainey v. Capps*, 22 Ala. 288. Charge number one asked by the plaintiff was properly given.— *Lavender v. Hall*, 60 Ala. 214; *Hussey v. Peebles*, 53 Ala. 432; *Lomax v. LeGrand*, 60 Ala. 537; *Wilson v. Stewart*, 69 Ala. 302; *Scaife v. Stovall*, 67 Ala. 237. Both the plaintiff and the defendant testified that the defendant knew that McVay was plaintiff's tenant, and there was no conflict in the evidence on this question. The giving of charge number two was, therefore, not erroneous.

McCLELLAN, J.—The complaint in this cause claims damages for that the defendant, Kelly, removed, or caused to be removed, and converted to his own use certain five bales of cotton on which plaintiff had a lien for rent and advances, by which said removal or conversion,

it is averred, said lien was destroyed and the remedy for its enforcement was lost, the defendant having, it is further alleged, notice or knowledge of said lien. It is not averred that the cotton was the property of plaintiff, or that the defendant converted any *property* of the plaintiff. It is, therefore, not conceivable that the complaint could be reasonably construed to be in trover. On the other hand its averments present a case for damages consequent upon the wrongful deprivation of power to assert a right. The wrong done was in the removal of the cotton, but this did not *per se* inflict the injury. That resulted mediately and consequentially from the further fact that plaintiff had a lien on the property. The appropriate action was case. The only action stated is case. If the statement is defective at all, the insufficiency lies in the manner of it and not in the matter—in the statement of the existence of a lien as a conclusion of law instead of a statement of the fact upon which the lien arose and exists; and this infirmity, demurrer being pretermitted, was waived by the plea of not guilty : as the issue was made, the complaint for all practical purposes was a perfectly good one in case.

Under the general issue, upon which the case was tried, it was entirely competent for the plaintiff to prove the relation of landlord and tenant between himself and McVay, and knowledge or notice of that fact on the part of the defendant, as going to show that the latter knew of the existence of the plaintiff's lien on cotton raised by McVay on the rented land. The lease and McVay's note for the rental of 1890 were properly received to show the relation, and the facts that McVay rented the same land from the plaintiff for the years 1888 and 1889, that defendant knew this and paid the rent of the tenant for those years, that his possession continued into and during the year 1890 without any change, and that plaintiff actually told defendant of the lease for that and the succeeding two years, were properly admitted to show defendant's knowledge of the relation.

Whether plaintiff had title to the land was not a pertinent inquiry in this case. Without title he would still have been McVay's landlord, and would still have had the valuable right to collect the rental agreed upon by the enforcement of a landlord's lien upon crops grown on the place.

[Kelly v. Eyster.]

Defendant's relation to McVay in respect of crops grown on other lands, his claims against the same and his rights as to the manner of their enforcement, had no pertinency to the issues in this case. Whether McVay owed him or not, and whether his debt, if any, was secured by a mortgage on the crops of other lands or not, he was liable in this action if he removed cotton raised on this land having notice of the fact and of plaintiff's lien; and if he did not remove or convert such cotton. or did remove or convert it without notice of its coming from this land, and of the lien, he would not be liable, wholly regardless in either case of his rights in respect of crops from other lands. That cotton was received by him from McVay, or that proceeds of cotton which McVay had went to his benefit, is not controverted. His right to the cotton or its proceeds as against McVay is not controverted. Whatever the nature or evidence of that right may have been, he had no right as against the plaintiff, if the cotton was the product of plaintiff's land, and evidence of its nature could shed no light on the inquiry as to whence the cotton came or as to notice of its being subject to plaintiff's lien. The court, therefore, properly excluded evidence of the mortgage executed by McVay to defendant.

We find evidence in this record tending to show that McVay shipped cotton to defendant's factors in Memphis, Tennessee, that this cotton, or the greater part of it, was raised on plaintiff's land and was subject to his lien for rent, that defendant knew this, that the shipment was made with his knowledge in his interest, for his benefit, and that he received credit for the proceeds of the same, if he did not indeed have the cotton itself entered on his account with his factors. There was evidence from which the jury might have been justified in finding that he procured the shipment to be made in McVay's name, thereby himself in legal sense destroying the remedy for the enforcement of plaintiff's lien. It was uncontroverted that Kelly knew of the relation of landlord and tenant between plaintiff and McVay. Knowing this he had notice of facts which should have excited his inquiry as to the existence of a lien in plaintiff's favor on crops grown on the leased land. Such notice is equivalent to knowledge. Charge 1 given for plaintiff when referred to the evidence asserts only this.

[Ricketts *et al.* v. Croom.]

If it involved a tendency to mislead, this should have been corrected by a request for an explanatory instructtion.

The second charge is the simple assertion of a fact. Plaintiff testified that he informed defendant that McVay was his tenant. The circumstances go to show that defendant knew of the tenancy. And the defendant unequivocally swore that he did know of it. We are unable to see how the omission of an hypothesis from this charge—the failure to predicate the instruction on the jury's belief of the uncontroverted evidence given by each party—even if that were ordinarily necessary—could possibly have prejudiced the defendant. To the contrary it seems clear to us that it could and did not. So that the omission of the hypothesis, if error, was without injury to the appellant.

With the views we have expressed as to the tendencies of the evidence in plaintiff's favor—tendencies which are not satisfactorily rebutted—and the application of the rules which govern us on motions for new trials, we can not do otherwise than concur in the propriety of the circuit court's action in denying defendant's motion for a new trial.—*Cobb v. Malone & Collins*, 92 Ala. 630.

Affirmed.