### TONY BOVA *vs.* BAGDASAR NORIGIAN.

#### JUNE 12, 1907.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)    *Unrecorded Conveyance.    Notice.    Letters.*

There is no indisputable presumption that a letter which the law does not re-
quire to be sent is read by the receiver to whom it is delivered. The ques-
tion is one of fact to be determined on all the evidence relating to it.

A claimant under an unrecorded conveyance· assumes the task of actually
bringing the information to the apprehension of the person to be affected by
it.

Where the question is whether plaintiff in ejectment had notice of an un-
recorded lease, by means of a letter sent to him containing a copy of the
lease, and plaintiff admitted receiving a letter which he could not identify
as coming from defendant and which he did not read, as he could not read
English, it is properly left to the jury to determine whether, if the letter was
received by plaintiff, he acquired actual knowledge of its contents.

EJECTMENT. Heard on exceptions of defendant, and over-
ruled.

DOUGLAS, C. J. This is an action of trespass and ejectment
in which it is admitted that the plaintiff is entitled to possession,
unless at the time he purchased the land in question he had
notice of a lease under which the defendant claims.

The lease was not recorded at the time when the plaintiff bought the land, but the defendant claimed that the plaintiff had actual legal knowledge of it. The notice relied upon was a letter, containing a copy of the lease, which the defendant claimed the plaintiff received before he purchased the property in question. The defendant's counsel testified that he dictated and signed the letter, and left it in his office, directed and stamped, expecting it to be mailed.

The plaintiff admitted that he received a letter, which he could not identify as coming from the defendant, and which he did not read, as he could not read English, and which was destroyed without being read to him.

The defendant requested the court to charge the jury as follows: "The jury is instructed that if it finds from the evidence that the letter offered in evidence was written by Williams and McCabe to the plaintiff, was addressed to the plaintiff, and received by the plaintiff, the jury will be warranted, as a matter of law, in finding that the plaintiff received due notice of the lease in question whether he read the letter or not, or whether he caused the same to be read to him."

The court refused the request, and charged that the lease was of no validity as against the plaintiff unless he had actual knowledge of it. The defendant, having duly excepted to this ruling, after verdict in favor of the plaintiff, which the Superior Court refused to set aside on motion for a new trial, brings his bill of exceptions to this court on the grounds that the ruling was erroneous and that the verdict was against the evidence.

(1) We think the ruling of the court was correct. "Notice" is equivalent to "information," "intelligence," or "knowledge." *Wile* v. *Southbury*, 43 Conn. 53. Where the law prescribes written notice as a method of giving information, no doubt the receipt of a letter containing the information would be conclusive proof of knowledge for the purposes of the case. Whether as a matter of fact the recipient had read or could read the letter would make no difference, because the sender had fully complied with the direction of the law. But there is no indisputable presumption that a letter, which the law does

not require to be sent, is read by the receiver to whom it is delivered. The question is one of fact, to be determined on all the evidence relating to it. Brayton, J., says, in *Harris* v. *Arnold*, 1 R. I. 125, 136: "No man would be presumed to have that knowledge which we might be able to prove that he had not, unless as a consequence of the neglect of some known duty."

The law prescribes the recording of a conveyance of title to real estate as the method of giving legal notice of the conveyance to all the world.

If the claimant under such a conveyance chooses to neglect this method and attempts to give actual knowledge of his title to another person, he assumed the task of actually bringing this information to the apprehension of the person to be affected by it. The delivery of the notice in writing to a blind man, or to one unable to read is not enough. The delivery of a letter may be ground of inference that the information was communicated, but this inference may be rebutted by contrary evidence. The question was thus properly left to the jury whether, if the letter were received by the plaintiff, he acquired actual knowledge of its contents. The weight of the evidence is not clearly against the verdict.

The defendant's exceptions are overruled, and the cause remanded to the Superior Court for judgment on the verdict.

*Thomas H. Holton and James J. McGovern,* for plaintiff.
*James A. Williams* for defendant.