HENRY J. QUINN *vs.* WILLIAM J. McDOLE.

JUNE 14, 1907.

PRESENT: Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Mortgages. Foreclosure Sale. Time of Advertising.*

Provision concerning advertising foreclosure sale in a mortgage deed was as follows: "First thereafter giving four weeks notice of such sale in some newspaper, etc.":—

*Held,* that at least twenty-eight days must elapse between the first day of publication and the sale.

CASE STATED for opinion of court.

BLODGETT, J.  The parties to this cause have respectively signed a contract for the purchase and sale of certain real estate, and, having agreed upon a statement of facts, have requested our opinion, under section 323 of the court and practice act, upon the validity of the mortgage foreclosure under which the complainant Quinn claims title as the proposed grantor, as follows:

"The provision concerning advertising the foreclosure sale, in the mortgage, reads as follows: 'first thereafter giving four weeks' notice of such sale in some newspaper published in Pawtucket or Providence, to sell etc.'

"The advertisement was in a daily newspaper printed in Pawtucket.  The first advertisement was on Monday, March 6th, and it was published every day that week, to wit: on the 7th, 8th, 9th, 10th, and 11th; and was published every day the following week, to wit: on the 13th, 14th, 15th, 16th, 17th, and 18th; and was published every day the following week, to wit: on the 20th, 21st, 22nd, 23rd, 24th, and 25th; and was published during the following, or fourth, week, on Monday the 27th and on Tuesday the 28th, and was sold on Wednesday the 29th day of March, A. D. 1899."

The question is whether this advertisement was in compliance with the terms of the mortgage.

We answer the question in the negative.  We are clearly of the opinion that the words "first thereafter giving four weeks' notice of such sale" mean exactly what they purport to mean, and that at least twenty-eight days must elapse between the first day of publication and the sale.  In this case the first publication was on March 6, and the sale was on March 29, a period of but twenty-three days thereafter.

In *Early* v. *Doe*, 16 How. 610, 617, it was said "When we say that any thing may be done in twelve weeks, or that it shall not be done for twelve weeks, after happening of a fact which is to precede it, we mean that it may be done in twelve weeks, or eighty-four days, or, as the case may be, that it shall not be done before."  And see *Bacon* v. *Kennedy*, 56 Mich.

329; *Meredith* v. *Chancey,* 59 Ind. 466; *Boyd* v. *McFarlin,* 58 Ga. 208; *Wilson* v. *Northwestern Mutual Life Ins. Co.,* 12 C. C. A. 505; *Finlayson* v. *Peterson,* 5 No. Dak. 587; *In Re Division of North Whitehall Township,* 47 Pa. St. 156; *Ward et al.* v. *Walters,* 63 Wis. 39; *Hill* v. *Faison,* 27 Tex. 428; *Young* v. *Downey,* 150 Mo. 317; *Parsons* v. *Lanning,* 27 N. J. Eq. 70.

*Hugh J. Carroll,* for parties.