(80 South. 806)

### SHELBY IRON CO. v. BIERLY.
#### (7 Div. 916.)

(Supreme Court of Alabama. Dec. 19, 1918. On Rehearing, Feb. 13, 1919.)

1. APPEAL AND ERROR ☞680(2)—REVIEW— ACTION ON DEMURRERS—RECORD.

Supreme Court cannot review trial court's action overruling demurrers to counts of amended complaint where record does not show what grounds of demurrer were taken against the complaint.

2. PLEADING ☞9—CONCLUSION OF LAW FROM FACTS ALLEGED.

In servant's action for injuries, defendant's pleas 3 and 4, stating facts from which jury might have inferred negligence on plaintiff's part contributing proximately to his injury, and then drawing the inference which the pleader expected the jury to draw, held not demurrable.

3. NEGLIGENCE ☞136(26) — CONTRIBUTORY NEGLIGENCE—QUESTION FOR COURT.

It is for court to say whether facts alleged by defendant will warrant inference of contributory negligence on part of plaintiff servant.

4. NEGLIGENCE ☞136(8) — CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

It is for jury to say on facts as to plaintiff's contributory negligence submitted to them whether negligence ought to be inferred; question whether due care has been used being one of fact for the jury in many cases, though the evidence is without conflict.

5. APPEAL AND ERROR ☞1040(7)—HARMLESS ERROR—DEMURRERS TO PLEAS—RULE OF COURT.

Action of trial court in sustaining plaintiff servant's demurrers to employer's pleas of contributory negligence held not harmless on any ground that employer had advantage of such pleas in another plea on which cause was submitted.

#### On Rehearing.

6. APPEAL AND ERROR ☞1032(1)—HARMLESS ERROR—BURDEN OF PROOF—"EXAMINATION OF ENTIRE CAUSE."

It is not the law that, under rule 45 of the Supreme Court (61 South. ix)[1], providing that no judgment shall be set aside unless in the opinion of the court, after examination of entire cause, it should appear that error complained of has probably injuriously affected substantial rights of parties, the burden of proof is on appellant to show, in addition to error, injury resulting therefrom; the phrase "examination of entire cause" meaning cause as shown by the record.

7. APPEAL AND ERROR ☞1170(3)—REVIEW— QUESTIONS OF PLEADING.

Always in dealing with questions of pleading the Supreme Court has considered questions of merit only, questions inherently meritorious or brought into decisive importance by rules of law the court has no right to disregard, which is still the rule of the court.

8. APPEAL AND ERROR ☞1039(1)—HARMLESS ERROR—RULINGS ON PLEADINGS—EVIDENCE.

Trial court, in ruling on pleadings, cannot anticipate evidence, nor can its admission be controlled with a view to demonstrate the fact that erroneous rulings on the pleadings have not affected the merits; the relevancy of evidence being determinable by the issues raised in the pleadings and allowed by the court.

9. APPEAL AND ERROR ☞1040(6)—HARMLESS ERROR—RULING ON PLEADING—CURE BY INSTRUCTION.

In coal miner's action for injuries, oral charge of court held erroneous and prejudicial statement of employer's defense of contributory negligence, not serving to render harmless error in sustaining demurrers to employer's pleas of such negligence.

Appeal from Circuit Court, Shelby County; Lum Duke, Judge.

Action by H. F. Bierly against the Shelby Iron Company for damages for personal injuries while in its employment. From judgment for plaintiff, defendant appeals. Reversed and remanded.

The record does not disclose any demurrer to counts A and B of the amended complaint, but count A charges defect in the ways, works, plant, or machinery of the defendant causing injury to plaintiff, and count B charged a failure negligently to furnish the plaintiff with a reasonably safe place within which to do his work. The following are the pleas:

(3) Defendant avers that on or about the 28th day of July, 1917, it was engaged in the manufacture of pig iron at Shelby, in Shelby county, Ala., and that on or about said date H. F. Bierly, the plaintiff in this cause, was in defendant's employment as a filler, it being his duty to roll upon a wagon or cart, or two-wheeled cart, ore, lime rock and charcoal and empty the same in the hopper of furnace No. 2, and defendant avers that on said date there was a slip in said furnace, that is, the said lime rock, charcoal, and iron ore became clogged in said furnace for a time, suddenly slipped down for several feet in said furnace, which caused gas to escape through the explosion doors which are placed on the downcomers for the purpose of permitting said gas to escape, and defendant avers that said slips are frequent in all blast furnaces, and that the plaintiff, Bierly, well knew that said slips were liable to occur when he accepted his said employment. Defendant avers that at the time said gas escaped the said Bierly was on top of said furnace, and, instead of remaining at his place of work, where he would have been safe, he left his said place of work, getting down from the top of said furnace, and ran into said gas and was burned, and defendant avers that plaintiff's injuries were proximately caused by his own negligence in leaving his place of safety and going into the place of danger.

(4) Defendant avers that on or about the 28th day of July, 1917, it was engaged in the manufacture of pig iron at Shelby, Shelby coun-

ty, Ala., and that on said date the plaintiff was in the defendant's employment as a filler, it being his sole duty to roll up on a two-wheel cart ore, lime rock, or charcoal from the cages and empty said carts in the hopper of furnace No. 2, and defendant avers that on said date there was an explosion in said furnace caused by the slipping of the rock, charcoal and iron, which frequently happens in all blast furnaces, and defendant avers that, although it had furnished this plaintiff with a safe place to work, and he was in safety at his place of work when the explosion came, he ran away from said place where it was his duty to remain, running down the steps leading from the top of said furnace, and ran into the gases escaping from the furnace and was burned. Defendant avers that the said plaintiff in leaving his place of work and going into the gases was guilty of contributory negligence which proximately caused his injury. .

Plea 8 is as follows:

Defendant avers that a short time before plaintiff's injury he, the said plaintiff, was working as a filler of the furnace on top of the said furnace at No. 1 furnace, Shelby, Shelby county, Ala., and that while plaintiff was so engaged a slip occurred in said furnace, and defendant avers slips are frequent in all blast furnaces, which fact was well known to plaintiff, and defendant avers that place where plaintiff was put to work by said defendant was safe, and had plaintiff remained at said place he would not have been injured, but defendant avers that when slip came said plaintiff, unlike a reasonably prudent man would have done under all circumstances, negligently left his place of safety where he was working and walked into said escaping gas and was injured. Defendant avers that plaintiff's negligent act of leaving his place of safety as aforesaid proximately contributed to his said injury.

Leeper, Haynes & Wallace, of Columbiana, for appellant.

Riddle & Riddle, of Talladega, and Riddle & Ellis and Longshore & Koenig, all of Columbiana, for appellee.

SAYRE, J. [1] Appellant, who was the party defendant in the trial court, assigns for error the action of the court in overruling the demurrers to counts A and B of the amended complaint. This court has held on a similar record that it could not review the rulings in question for the reason that the record does not show what grounds of demurrer were taken against the amended complaint. Shelby Iron Co. v. Bean, 82 South. 92.

[2-4] The demurrers to pleas 3 and 4 should have been overruled. These pleas stated facts from which the jury may have inferred negligence on the part of plaintiff contributing proximately to his injury, and then drew the inference which the pleader expected the jury to draw. The facts alleged being sufficient unto the end for which they were alleged, this was good pleading. It is for the court to say whether the facts alleged will warrant an inference of negligence; it

is for the jury to say, upon the facts submitted to them, whether negligence ought to be inferred. In many cases the question whether due care has been used is, in the nature things, a question of fact to be determined by the jury, even though the evidence be without conflict (Lord v. Mobile, 113 Ala. 360, 21 South. 366; West v. Thomas, 97 Ala. 622, 11 South. 768; A. G. S. R. R. Co. v. Arnold, 84 Ala. 159, 4 South. 359, 5 Am. St. Rep. 354); and in every case, unless it be a case where res ipsa loquitur, the pleader must allege facts and in allegation draw the conclusion for which he contends. Right plainly, it seems from the record and the briefs, the trial judge followed the general principle above stated; but his opinion appears to have been that these pleas did not draw the conclusion of negligence on the part of plaintiff; this for the reason that they omitted to characterize plaintiff's action as "negligently" done. But we think the language of the conclusion of these pleas, viz. (plea 4), "Defendant avers that the said plaintiff, in leaving his place of work and going into the gas (meaning, of course, in the circumstances stated in the plea), was guilty of contributory negligence which proximately caused his injury," and substantially the same language in plea 3—this language, in our judgment, drew the necessary conclusion from facts which warranted that conclusion. These pleas would not have been more specific in the respect now under consideration had they averred that plaintiff "negligently" did the act alleged.

[5] But it is said that defendant had the advantage of these pleas in plea 8 upon which the case was submitted to the jury; that is, the error committed was affirmatively shown not to have operated to defendant's prejudice. We think otherwise. The pleas in question were similar in a general way to plea 8; but there were circumstantial differences, and it cannot be safely said that plea 8 afforded defendant every advantage offered by the pleas under consideration.

Some of the testimony offered by the plaintiff—that concerning his wife and children—was well calculated to prejudice the defense; but it was given a veneer of relevancy, and we will not say its admission was error.

The charges requested by defendant were all faulty in some respect. They need not be noticed seriatim.

Reversed and remanded.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.

On Rehearing.

SAYRE, J. On his application for rehearing appellee refers to Evans v. Alabama-Georgia Syrup Co., 175 Ala. 85, 56 South. 529, and Pratt v. Birmingham Railway, 191

Ala. 638, 68 South. 151, as if there had been an effort in this case to establish the principles of the dissenting opinions in those cases. As for the case first named above, there is no similarity between the original opinion in this case and the dissent in that, except that in both there is a statement of some elementary principles of pleading such as it is necessary to state on occasion in order that the true and full effect of the judgment pronounced may be brought into clear view. The facts alleged in the two cases are wholly different, and in the first named a majority of the court thought a proper application of the principles stated to the facts alleged resulted in a finding that the plea there in question was bad.

As for Pratt v. Birmingham Railway, the most that can be said of that case as supporting the view now insinuated by appellee is that it sets off dictum against dictum, thus leaving the question at issue to be settled upon the reason of the thing and by authorities more in point.

[6-8] Appellee, without conceding error in the rulings as to pleas 3 and 4, relies now on Sovereign Camp, W. O. W., v. Ward, 78 South. 824,[2] and Henderson v. T. C. I. Co., 190 Ala. 126, 67 South. 414, as sustaining the proposition that under rule 45 (61 South. ix [3]) the burden devolves on the appellant to show, not only error, but injury resulting therefrom. The language of the rule lays down no such broad proposition nor has it been so interpreted. The language is that—

"No judgment will be reversed or set aside * * * unless, in the opinion of the court to which the appeal is taken, or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties."

It must be assumed that the "examination of the entire cause" mentioned in the rule means the entire cause as shown by the record, and not such a case as may be made up by inferences as to what may have appeared, but is not shown by the record. We have many cases, decided both before and after the adoption of rule 45 (61 South. ix [3]), in which it has been held that there will be no reversal for error in rulings on pleadings when it appears that the party complaining had in other pleadings advantage of the same facts. It is not believed that the cases to which appellee refers in this connection, so far as concerns the questions at issue therein, are out of line with the general current of our cases. Always, in dealing with questions of pleading, the court has considered questions of merit only, questions inherently meritorious or brought into decisive importance by rules of law the court has no right to disregard. That is still the rule of the court. In the case before us appellant was

denied the right to present a meritorious defense. It differed in some respects from the defense which was allowed by the trial court; but to the advantage of those points of difference defendant was entitled. Appellee, plaintiff, now insists that the pleas in question were substantially the same as the plea allowed, but evidently this view did not prevail in the trial court, and, as we have said, there were circumstantial differences. Appellee further insists that the evidence disclosed the fact that the real defense was covered in the case that went to the jury. There can be no safe reliance upon this proposition. The court, in ruling upon the pleadings, cannot anticipate the evidence; nor can the admission of evidence be controlled with a view to demonstrating the fact that erroneous rulings have not affected the merits of the cause. The relevancy of evidence is determined by the issues raised in the pleadings and allowed by the court. It can never be known that there has been a trial on the merits in a case where the court's rulings on the pleadings disclosed the fact that meritorious issues have been excluded from the jury. There can be neither any strong appeal to reason nor any great convenience in a rule which would require the parties, in anticipation of an appeal, to bring evidence to prove facts which the one party has alleged in his pleading and the other has confessed by his demurrer. And, besides, regard must be had for the indisputable implication of the statute, section 5370 of the Code, which provides that—

"The party against whom a judgment on demurrer or plea in abatement is rendered may plead over as a matter of right, without waiving his privilege of assigning such judgment as error in an appellate court, unless he has subsequently had the benefit sought by the demurrer or plea in abatement upon the trial of other equivalent issues."

[9] In his brief on rehearing appellee reproduces the court's oral charge to the jury as going to show that no harm was done by the ruling on the demurrer to pleas 3 and 4. So far from showing that no harm was done, the court's oral charge discloses an erroneous and prejudicial statement of the defense. The charge represented defendant (appellant) to the jury as claiming that "plaintiff did not remain in his reasonably safe place, but that he became rattled and left that reasonably safe place and plunged into danger, and by reason of such contributory negligence he became hurt," etc. This was not the substantial equivalent of the defense presented in any of the pleas. If plaintiff was "rattled" by the sudden and unsuspected appearance of danger, that was a consideration that he, not defendant, might be expected to bring into view and insist upon, since that fact would tend to relieve him of the charge of negligence in "plunging into danger." The

[2] 201 Ala. 446.        [3] 175 Ala. xxi.

defense was to a different effect. It predicated plaintiff's knowledge of the meaning of his situation and pointed to the proposition that, with that knowledge, plaintiff went into danger. There was no allegation by defendant that plaintiff became "rattled," and for that reason "plunged into danger." We have not referred to this charge as in itself constituting reversible error, for there was no exception reserved against it, but we have stated the matter at some length for the reason that appellee has referred to it in his brief, as stated above.

The case before us is not one to excite diligence in the search for an antidote to error found, but that should not lead to the abandonment of precedents established in reason. Apart from that general aspect of the case, our judgment is that error was committed and that the record fails to show the absence of injury.

Application denied.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.