(82 South. 28)
STREET v. TREADWELL et al. (7 Div. 4.)

(Supreme Court of Alabama. May 22, 1919.)

1. LANDLORD AND TENANT ☞252(3)—LOSS OF LIEN—LIABILITY OF THIRD PERSON.

To render third person liable for loss of landlord's lien by removal of property subject to lien, third person must have notice, actual or constructive, of the lien.

2. PLEADING ☞34(1) — DEMURRER — CONSTRUCTION.

Language used in a demurrer to complaint must be given a reasonable construction.

3. PLEADING ☞34(5) — DEMURRER — CONSTRUCTION — "KNOWLEDGE" — "NOTICE"— LANDLORD'S LIEN.

Where complaint for loss of landlord's lien by removal of property subject to lien failed to allege knowledge or notice of lien on part of defendant, demurrer sufficiently raised the point by alleging that it does not appear that defendant "knew" of lien, as allegation would be construed to mean actual or constructive knowledge, though knowledge as a rule is not synonymous with notice.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Knowledge; Notice.]

4. APPEAL AND ERROR ☞907(3)—RECORD— REVIEW—RULING ON PLEA.

Where verdict might have rested on plea of general issue on the merits or on a plea of limitations, ruling on demurrer to plea setting up other grounds, will not be reviewed in absence of bill of exceptions and oral charge of the court from the record.

Sayre, J., dissenting.

Appeal from Circuit Court, Clay County; Hugh D. Merrill, Judge.

Action by J. C. Street against S. D. Treadwell and others. Judgment for defendants, and plaintiff appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

Suit by plaintiff, appellant here, against defendants (appellees) to recover damages for the destruction of plaintiff's lien, as landlord, for rent of a certain farm by plaintiff's tenant, one Griffin, in that the defendant moved some lint cotton grown on said place, on which plaintiff had a lien, to where plaintiff is unable to enforce his lien, and said lien is therefore a loss to him.

Defendants demurred to the complaint: the second assignment being, "It does not appear from said complaint that defendants knew of plaintiff's lien." The demurrer was sustained, and the complaint amended. Defendants pleaded the general issue; second, the statute of limitations of one year; third, payment by tenant (Griffin) of the debt; and, fourth, that plaintiff was due tenant for certain implements aggregating more than the amount of rent claimed, etc.

Plea 4 as amended was demurred to upon the ground that it did not appear the alleged contract had any consideration; that the agreement for repairs was void under the statute of frauds; that sufficient facts are not stated in the plea to show a discharge of plaintiff's lien; and that the facts stated did not constitute a payment of the indebtedness due plaintiff from said Griffin.

Plaintiff filed replications to said plea 4 as amended: (1) Taking issue thereon; (2) that it was void under the statute of frauds; and (3) that the contract was without consideration.

The judgment entry shows that, issue being thus joined, all the evidence was heard by and submitted to a jury, resulting in the following verdict: "We, the jury, render a

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[2] 202 Ala. 381.

verdict in favor of the defendant." The appeal is on the record alone, and with no bill of exceptions.

Riddle & Riddle, of Talladega, for appellant.

W. M. Lackey, of Ashland, for appellees.

GARDNER, J. [1, 2] It is first insisted by appellant's counsel that prejudicial error was committed by the court in sustaining the demurrer to the complaint. It seems to be conceded by counsel that, to establish liability in a case of this character, it must be shown that the defendants had notice or knowledge of the plaintiff's lien. The original complaint was entirely silent in this respect. The assignment of demurrer taking this point uses the language, "It does not appear from said complaint that the defendants knew of plaintiff's lien," and the argument is made that this was insufficient in that it should have said "knew of, or had notice of plaintiff's lien," and therefore the demurrer should not have been sustained.

It is, of course, well recognized in cases of this character that to charge a purchaser of crops from a tenant, it is not necessary that he should have actual notice of the landlord's lien; for, if he has knowledge of facts sufficient to excite inquiry, or knowledge of facts which would naturally and reasonably be calculated to arouse suspicion of the main fact—notice of which is sought to be charged to him—the duty of inquiry exists, and he must exercise it, as held by this court in Foxworth v. Brown, 114 Ala. 299, 21 South. 413, and Lomax v. LeGrand, 60 Ala. 537, as well as numerous other cases.

The language used in the assignment of demurrer should be given a reasonable construction in keeping with the well-recognized rule in regard to cases of this character. We do not construe the language used as indicating that actual knowledge was necessary, but only such knowledge of plaintiff's lien as is required by law, be it actual or constructive. As said by this court in Gamble v. Black Warrior Coal Co., 172 Ala. 669, 55 South. 190:

"Means of knowledge may be equivalent to knowledge. Whatever is sufficient to put one on his guard, and call for inquiry, is notice of everything to which the inquiry would lead."

By what is here said we do not mean to indicate that, as a general rule, "knowledge" is synonymous with "notice." The meaning of a word is to be largely determined by the connection in which it is used. As pointed out by this court in Harrington v. State, 76 South. 422,[1] the extent or meaning of words and phrases are not always the same when used in connection with different statutes relating to different subjects. In Southern Ry. Co. v. Bunt, 131 Ala. 591, 32 South. 507,

[1] 200 Ala. 480.

where the court was dealing with the question of wantonness in a personal injury case, it was held that "knowledge" and "notice" were not synonymous: it clearly appearing in cases of that character that notice is not the equivalent of actual knowledge. The correctness of this holding, of course, under those circumstances is not to be questioned, and is too clear for discussion. So, also, in Cleveland Woolen Mills v. Sibert, Ward & Co., 81 Ala. 140, 1 South. 773, in construing language in the requested instruction to the jury, it was pointed out that notice and knowledge were not synonymous, or at least the instruction may be construed by the jury as confining the inquiry within too narrow limits. In Bova v. Norigian, 28 R. I. 319, 67 Atl. 327, 125 Am. St. Rep. 743, it was said that notice is equivalent to information, intelligence, or knowledge; and in Piekenbrock & Sons v. Knoer, 136 Iowa, 534, 114 N. W. 200, the court said:

"Knowledge of fraud, as we have construed that expression in this connection, does not contemplate actual knowledge thereof before the statute begins to run, but such knowledge or notice as would lead a man of reasonable prudence to make inquiries which would disclose the fraud."

See, also, Jones v. Vanzandt, 13 Fed. Cas. 1047; Words and Phrases, vol. 5, p. 3941; Words and Phrases (2d Ser.) vol. 2, pp. 1315, 1316.

While in the case of Kelly v. Eyster, 102 Ala. 325, 14 South. 657, the question under consideration was not there discussed, yet we think that case illustrates the construction of pleading which is here given to the language used in the assignment of demurrer. That was a case, as this, for damages for the destruction of a lien, and it was alleged that the defendant had knowledge of the existence of such lien. In the discussion of the case it is pointed out in the opinion that the plea of general issue was entirely sufficient for the plaintiff to prove the existence of the lien, and knowledge or notice of that fact on the part of the defendant, as going to show that the latter knew of the existence of plaintiff's lien on the cotton, clearly indicating to the mind of the court that the words "knowledge" or "notice," used in this particular sense in the pleading, were synonymous.

The above-stated rule in regard to the necessity of showing knowledge or notice on the part of the defendant is well established, and, we think we can safely assume, well known and understood generally by the courts. It is to be remembered that we are here merely construing language used in the assignment of demurrer, in the light of this well known and established rule. The complaint was defective, and the only question is whether the assignment of demurrer was

sufficiently definite and complete as to uphold the ruling of the court in sustaining the demurrer to such defective complaint.

We are of the opinion that the court construed the language "knew of plaintiff's lien," set out in the assignment of demurrer, as meaning and indicating that the defendants knew of such lien in law; that is, such knowledge, either actual or constructive, as is required in cases of this character to rest liability upon the defendants. So construing the language of the demurrer, we are of the opinion the court cannot be put in error for its ruling thereon. It may be doubted for the reasons stated below that the appellant could take anything in any event by this assignment of error, but, as the foregoing disposes of the same, there is no occasion for a consideration of that question.

[3, 4] The next assignment of error relates to the ruling of the court in overruling the plaintiff's demurrer to plea 4 as amended.

The substance of the pleading in the cause appears in the statement of the case. We have in the record no bill of exceptions, nor does the record contain the oral charge of the court. If there were any charges requested in writing, given or refused, they are also absent from the record. The judgment entry discloses that the cause was tried upon its merits; that the evidence was heard and submitted to a jury for consideration, resulting in a verdict for the defendants. For aught that appears by this record, the verdict might have been rested upon the plea of general issue for a failure on the part of the plaintiff to sustain the averments of his complaint, or upon the plea of the statute of limitations of one year, or, as set up in the third plea, that the tenant had paid the entire debt on which the suit was based, and before the suit was instituted.

Upon this phase of the case, the ruling of this court in the very recent case of Black, Adm'r, v. S.–S. S. & I. Co., 80 South. 794,[2] where the authorities touching upon this question are collated, is decisive of the present appeal to the effect that prejudicial error as to any ruling on demurrer, as in this plea, has not been made to appear.

The conclusion in the recent case of Shelby Iron Co. v. Bierly, 80 South. 806,[3] does not militate against the holding in the instant case, and in no manner conflicts with the holding in the Black Case, supra. In the Bierly Case a demurrer was sustained to a plea of defendant, which plea was held good and set up a proper defense. By the ruling of the court, it was held appellant's right to present a meritorious defense was denied. That appeal merely presented a case where upon the whole record the ruling of the court probably injuriously affected the substantial rights of the appellant.

It results as our conclusion that the judgment of the court below should be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.

McCLELLAN, J., concurs in the conclusion, resting his concurrence upon the holding in the case of Black, Adm'r, v. S.–S. S. & I. Co., supra.

SAYRE, J., dissents.