(107 So. 849)

## CITY NAT. BANK v. NELSON. (8 Div. 771.)

(Supreme Court of Alabama. March 18, 1926.)

1. **Pleading ☞8(3)—Count, averring that defendant converted cotton "on which plaintiff had a lien for rent and advances," held demurrable as stating conclusion of law depending on facts not stated.**

Count, averring that defendant converted cotton "on which plaintiff had a lien for rent and advances," *held* demurrable; existence of lien being conclusion of law, depending on facts not stated.

2. **Evidence ☞107—In action for destruction of landlord's lien on tenant's cotton, testimony as to tenant's financial condition and whether he did considerable trading and buying and selling of land held immaterial.**

In landlord's action against bank for destruction of lien on tenant's cotton, testimony as to whether tenant bought and sold considerable land and did considerable trading, and his financial condition was properly excluded as immaterial.

3. **Landlord and tenant ☞251(4)—In action for destruction of landlord's lien on tenant's cotton, evidence tending to show all land owned, rented, or controlled by tenant, and cotton crops grown thereon, held material.**

In action for destruction of landlord's lien on tenant's cotton, evidence tending to show all land owned, rented, or controlled by tenant and cotton crops grown thereon, *held* material.

4. **Landlord and tenant ☞251(4)—In action for destruction of landlord's lien on tenant's cotton crop, plaintiff's note to defendant, secured by collateral note of tenant to plaintiff, held admissible, in connection with conversation as to how long tenant had been such, to show notice of tenancy.**

In action against bank for destruction of landlord's lien on tenant's cotton crop, plaintiff's note to defendant, secured by collateral note of tenant, to plaintiff, *held* admissible, in connection with conversation at time of loan evidenced thereby, as to how long tenant had been such, to show notice to defendant of tenancy.

5. **Landlord and tenant ☞251(2)—Stranger, destroying, removing or so converting tenant's crop that landlord can only bring action on case, after acquiring possession with notice of landlord's lien, is guilty of tort to landlord's damage.**

Stranger, acquiring possession of tenant's crop with notice of landlord's lien, is guilty of tort to landlord's damage, if he destroys, removes, or so converts it, or changes its character, that landlord has no other appropriate remedy than action on case.

6. **Trial ☞295(5)—Oral charge that buyer of crop from tenant was not innocent purchaser, if agents had knowledge of facts sufficient to excite inquiry, which would have led to fact of landlord and landlord's lien, held not error, considered as whole.**

Oral charge containing statement that, if agents of bank buying crop from tenant had notice of facts which would excite inquiry or arouse suspicion, which, if followed up, would lead to fact that there was a landlord and a landlord's lien on crop, bank was not an innocent purchaser, *held* not error, when considered as whole; actual notice not being required.

7. **Trial ☞295(1).**

Court's oral charge must be considered as a whole.

8. **Landlord and tenant ☞252(5)—Refused instruction that notice to buyer of crop that it was purchased from tenant is not notice of landlord's lien, securing advances held misleading.**

In action for destruction of landlord's lien on tenant's cotton crop, refused instruction that notice to buyer of crop that it was bought from tenant is not notice that landlord had made advances to tenant and had lien on crop to secure them *held* misleading.

9. **Landlord and tenant ☞252(5)—Refused instruction that notice to buyer of crops that landlord claimed lien for rent is not notice of lien for advances held misleading.**

In action for destruction of landlord's lien, refused instruction that notice to buyer of crops that landlord claimed lien for rent is not notice of lien for advances, *held* misleading.

10. **Landlord and tenant ☞252(3)—Notice to buyer of cotton that it was grown on rented premises is constructive notice of landlord's lien for rent and advances (Code 1923, § 8799).**

Notice to buyer of cotton that it was grown on rented premises is constructive notice of landlord's lien for rent and advances under Code 1923, § 8799.

11. **Trial ☞253(3)—Instruction to find for defendant, unless it had knowledge of landlord's lien at time of purchasing crop, held properly refused, though complaint alleged that defendant had knowledge, "knowledge" meaning actual or constructive notice.**

Though complaint in landlord's action for destruction of lien on tenant's cotton crop, charged that defendant "had knowledge of the existence of such lien," instruction to find for

defendant unless it had such knowledge was properly refused as pretermitting all reference to notice of facts sufficient to put defendant on inquiry; "knowledge," as used in complaint, meaning actual or constructive notice.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Knowledge.]

**12. Trial ⬤═194(14)—Charge held erroneous as stating that landlord had lien on all cotton bought by defendant, which was controverted issue.**

In landlord's action against bank for destruction of lien on tenant's cotton crop purchased by it, charge that, if any agent or officer of defendant obtained knowledge or notice that seller was plaintiff's tenant before obtaining warehouse receipts for cotton, plaintiff's landlord's lien was superior to defendant's claim, *held* erroneous as stating as fact that he had such lien on all such cotton, which was controverted issue.

**13. Landlord and tenant ⬤═252(5)—Charge that landlord's lien was superior to crop purchaser's claim, if latter's agents obtained knowledge of tenancy before taking receipts for cotton held misleading, in failing to state that defendant had notice of tenancy before it obtained receipts.**

In landlord's action against bank for destruction of lien on tenant's cotton crop purchased by it, charge that plaintiff's lien was superior, if any agent of defendant obtained knowledge or notice of tenancy before defendant obtained warehouse receipts for cotton *held* misleading in failing to state and hypothesize that defendant had notice of tenancy before it obtained receipts.

**14. Landlord and tenant ⬤═252(3).**

Knowledge that cotton was grown on rented land is simply sufficient notice of landlord's lien to put purchaser on inquiry.

Sayre, J., dissenting in part.

Appeal from Circuit Court, Morgan County; J. E. Horton, Judge.

Action by Lillie Ray Nelson against the City National Bank. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

These charges were refused to defendant:

"(4) Notice to a purchaser of crops that the crop was purchased from a tenant on rented premises is not notice that the landlord had made advances to the tenant and has a lien on the crop to secure his advances.

"(5) I charge you, gentlemen of the jury, that notice to a purchaser of crops that a landlord claims a lien thereon for rent is not notice that the landlord has a lien for advances.

"(6) Unless the defendant, bank, had knowledge of the plaintiff's lien for rent and advances at the time the warehouse receipts were delivered to it by Sims, your verdict should be for the defendant."

A. J. Harris, of Decatur, for appellant.

Counts 1 and 2 are defective. Frazier v. Thomas, 6 Ala. 169. The oral charge of the court, as to the effect of notice to defendant, was erroneous. 20 R. C. L. 351; Goodman v. Simonds, 20 How. 363, 15 L. Ed. 934; Mobile & M. R. Co. v. Felrath, 67 Ala. 191; Gill v. More, 76 So. 462, 200 Ala. 511; 29 Cyc. 1114. Notice that a crop was raised on rented premises is not notice that the landlord made advances. Wilson v. Stewart, 69 Ala. 304. Charge 6 was erroneously refused. 20 R. C. L. 357; Barrett v. Fisch, 41 N. W. 310, 76 Iowa, 553, 14 Am. St. Rep. 238. Charge 10, given for plaintiff, was error. 20 R. C. L. 348; 12 Michie's Ala. Dig. 404; Jonas v. Field, 3 So. 893, 83 Ala. 445; Bates v. Harte, 26 So. 898, 124 Ala. 427, 82 Am. St. Rep. 186.

Tennis Tidwell, of Albany, for appellee.

Counts 1 and 2 were sufficient. Kelly v. Eyster, 14 So. 657, 102 Ala. 325; Malone M. Co. v. Green, 105 So. 897, 213 Ala. 635. There is no error in the court's oral charge. 35 Cyc. 348; Maxwell v. Shoe Co., 21 So. 1009, 114 Ala. 304; Bank v. Sproull, 16 So. 879, 105 Ala. 275; Traywick v. Keeble, 8 So. 573, 93 Ala. 498; Street v. Treadwell, 82 So. 28, 203 Ala. 68. Charges 4 and 5, requested by defendant, were incorrect statements of law. Atkinson v. James, 10 So. 846, 96 Ala. 214. Charge 6, requested by defendant, was bad. Sloan v. Hudson, 24 So. 458, 119 Ala. 27. If given charge 10 was erroneous, it was rendered harmless by charge 3. Clayton v. Jordan, 96 So. 269, 209 Ala. 334; R. R. Co. v. Maddox, 98 So. 276, 210 Ala. 444.

MILLER, J. This is a suit by Lillie Ray Nelson against the City National Bank, a corporation, for the destruction of her lien for rent and advances on 35 bales of cotton. The defendant pleaded general issue. The jury returned a verdict in favor of the plaintiff, and, from a judgment thereon by the court, this appeal is prosecuted by the defendant. Before the cause was submitted to the jury, the plaintiff withdrew all counts, except 1 and 2. The court overruled demurrers of defendant to counts 1 and 2.

[1] Each count avers the "defendant moved or caused to be moved and converted to its own use 35 bales of cotton, on which plaintiff had a lien for rent and advances." The existence of this lien for rent and advances, held by plaintiff, is a conclusion of law resting and depending on certain facts. These facts creating the debts for rent and advances, for which the lien by operation of law exists, should be stated in the counts, which each fails to do. These defects and insufficiencies in each count are pointed out by the demurrers, and the trial court erred in overruling the demurrers; they should have been

sustained to each of these counts. Frazier v. Thomas, 6 Ala. 169, headnote 2.

It is true these counts appear to follow the count in Kelly v. Eyster, 14 So. 657, 102 Ala. 325, but there was no demurrer to the count in that case; the question was not presented by demurrer. However, this court stated in the opinion:

"If the statement is defective at all, the insufficiency lies in the manner of it and not in the matter—in the statement of the existence of a lien as a conclusion of law instead of a statement of the fact upon which the lien arose and exists; and this infirmity, demurrer being pretermitted, was waived by the plea of not guilty. As the issue was made, the complaint for all practical purposes was a perfectly good one in case."

From the crop of 1920, F. P. Sims, the tenant of plaintiff, stored in a warehouse 54 bales of cotton; 43 of them were raised by Sims on land rented from plaintiff, 4 of them belonged to Morris Beams, a tenant of plaintiff. The 4 bales belonging to Beams and 15 bales of the 43 were delivered to plaintiff. This left 35 bales in the warehouse. Receipts for them were delivered to the defendant by Sims. Twenty-eight of the 35 bales were raised in 1920 on this land of plaintiff by defendant. The other 7 bales were raised by Sims on other lands, and plaintiff had no lien on them. The defendant moved the 35 bales from the warehouse and sold them to Harris, Cortner & Co. Sims was tenant of plaintiff for the year 1920, rented this land in 1919 from her for 1920, and had been her tenant, renting this place from her continuously for nearly 20 years prior to 1920 under prior contracts. Sims owed plaintiff balance of one-half bale of cotton on rent of 1920, and was due her a large sum, amounting to about $3,600, for advances under the statute in cash to aid him in making crops during his tenancy, including the year 1920, which was unpaid. This was the tendency of some of the evidence in the case.

[2, 3] Whether the tenant, Sims, did not buy and sell considerable land and whether he did considerable trading, and his financial condition, would shed no light on the controverted issues in this case. The court did not err in sustaining objections to such questions. There was evidence tending to show all land owned or rented or controlled by the tenant Sims during the year 1920, and the crops of cotton grown thereon. This was material to the issues.

[4] The court permitted plaintiff, over objection of the defendant, to introduce in evidence a note for $500, given by plaintiff to defendant on July 19, 1915, secured by collateral note of said Sims, the tenant, to plaintiff for $285. There was evidence that, when the plaintiff borrowed this money from the defendant, it was for her tenant, Sims, to make a crop and the husband of plaintiff told the president of the bank at the time the $500 note was made and the $285 note of Sims was given as collateral "that Sims had been a tenant there for years and was likely to be a tenant as long as he lived and as long as my wife lived, that he was one of the tenants and had been since our last conversation." In the former conversation with the president of defendant, he told him upon inquiry how he got the notes of Sims, and "I told him he had been a tenant for several years and was to be a tenant a good many more years."

The court did not err in admitting in evidence this note and the collateral note of Sims, the tenant, attached to it, in connection with the conversation between the husband of plaintiff and the president of the defendant at the time of the making of the loan evidenced by the note. It was admissible as a circumstance which could be considered by the jury in regard to notice to the defendant of the tenancy between plaintiff and Sims for the year 1920.

[5] This court in Hussey v. Peebles, 53 Ala. 435, stated this rule applicable to the testimony presented:

"The landlord having a lien on the crop, and a stranger acquiring possession of it, with notice of the lien, holding it as the tenant held it, subject to the lien, is guilty of a tort, to the damage of the landlord, if he destroys, removes, or so converts or changes its character that the landlord cannot enforce his lien. For this tort, the landlord has no other appropriate remedy than an action on the case. * * * 'A plaintiff may maintain an action on the case whenever he shows that he has sustained damage from the tortious act of the defendant, for which established forms of law furnish no remedy.'"

[6, 7] The defendant excepted to the following part of the oral charge of the court to the jury:

"If the bank, or its authorized agents, acting in their capacity as such agents for the bank, had notice of facts which would excite inquiry, which would arouse their suspicion or the investigation of a reasonable person, and if he had followed up the inquiry or followed up his suspicion, and if they would lead to the fact that there was a landlord, and the landlord had a lien upon the crop, then that purchaser, having that notice, would not be an innocent purchaser."

The trial court immediately thereafter in this connection also stated to the jury in its oral charge:

"In other words, if an authorized agent of the bank, acting in the capacity as authorized agent of the bank, had notice, actual notice of the relation between—that this cotton was raised upon rented premises, and that, if he had actual notice or if he had notice of facts which would have excited his suspicion and which would cause a reasonable man to inquire about it, then, gentlemen, if that inquiry would have developed the facts that there was a lien upon the crop which was held by a landlord,

that would be sufficient notice, and, if the bank or any officer acting for the bank had notice of those facts, had known those facts, then, gentlemen of the jury, the bank would not be an innocent purchaser of the cotton, and they could not claim it as a superior lien to the landlord's claim of Mrs. Nelson."

This court, in Street v. Treadwell, 82 So. 28, 203 Ala. 68, wrote:

"It is, of course, well recognized in cases of this character that to charge a purchaser of crops from a tenant, it is not necessary that he should have actual notice of the landlord's lien; for, if he has knowledge of facts sufficient to excite inquiry, or knowledge of facts which would naturally and reasonably be calculated to arouse suspicion of the main fact—notice of which is sought to be charged to him—the duty of inquiry exists, and he must exercise it, as held by this court in Foxworth v. Brown, 21 So. 413, 114 Ala. 299, and Lomax v. LeGrand, 60 Ala. 537, as well as numerous other cases."

See, also, Kyle v. Ward, 1 So. 468, 81 Ala. 120; Alexander v. Fountain, 70 So. 669, 195 Ala. 3, headnote 4.

Under these authorities we must hold the court, in its oral charge on this subject, when considered as a whole, as it must be, was free from error. Authorities, supra.

[8-10] Written charges numbered 4 and 5, requested by the defendant, were properly refused by the court. They were calculated to mislead the jury. This court, in Atkinson v. James, 10 So. 848, 96 Ala. 219, stated:

"Having knowledge that the cotton was grown on rented land, they are charged with constructive notice of plaintiff's lien for rent and advances at the time of their purchase from his tenant."

We are of the opinion what was said in the case of Wilson v. Stewart, 69 Ala. 302, is to be read in the light of the peculiar facts there presented, and the status of the law then existing, and is not to be construed as conflicting with Atkinson v. James, 10 So. 846, 96 Ala. 219, and Sloan v. Hudson, 24 So. 458, 119 Ala. 27. See, also, Wilkinson v. Ketler, 69 Ala. 435, headnote 5.

The same statute (section 8799, Code of 1923), which gives the landlord a lien on the crop for rent, also gives the landlord a lien on the crop for the advances mentioned therein, if made by him. Notice to the purchaser prior to the sale by the tenant to him, that the cotton was grown on the rented premises, would be constructive notice of the landlord's lien under the statute for rent and advances on the cotton, and would be sufficient to put him on inquiry as to the lien of the landlord for rent and advances, or either, on the cotton. Atkinson v. James, 10 So. 846, 96 Ala. 219; Kelly v. Eyster, 14 So. 657, 102 Ala. 325, headnote 6; Sloan v. Hudson, 24 So. 458, 119 Ala. 27, headnote 5; section 8799, Code of 1923; and authorities supra.

[11] Written charge 6, requested by the defendant, was properly refused by the court. It was calculated to mislead the jury. It pretermitted all reference to notice of facts sufficient to put defendant on inquiry. It is true both counts in the complaint charge "defendant had knowledge of the existence of such lien at the time it removed or converted the said cotton." Language should be reasonably construed, and the word "knowledge" as used in these counts means such knowledge of the lien of plaintiff as the law contemplates, which is actual or constructive notice thereof. Street v. Treadwell, 82 So. 28, 203 Ala. 68, and authorities supra.

[12] The following charge, numbered 10, was given by the court at plaintiff's request:

"If any agent or officer of the defendant, City National Bank, while acting within the line and scope of his authority, obtained knowledge or notice that F. P. Sims was the tenant of the plaintiff at or before said bank obtained the receipts for the 35 bales of cotton in question in this case, then the plaintiff's landlord's lien is superior to any claim of the defendant as to said cotton."

[13, 14] This charge should have been refused by the court. It states as a fact that plaintiff has a lien on the entire 35 bales of cotton. That was a controverted issue under the evidence. There was much evidence tending to show only a part of the 35 bales was raised on the land rented by plaintiff to Sims. It fails to state and hypothesize that the defendant had notice that Sims was the tenant of plaintiff for the year 1920 before it obtained the receipts for the cotton. This defect in the charge was calculated to mislead the jury. There is much evidence indicating notice was given the defendant in 1915, 1918, and 1919 of the tenancy contract existing between plaintiff and Sims during these years. This was prior to 1920, the year in which the cotton in question was raised, and prior to the time defendant received the receipts for the cotton. This rent contract for 1920 was made in 1919. This charge improperly eliminated from the consideration of the jury every question except whether any agent or officer of the bank had knowledge or notice that Sims was a tenant of plaintiff at or before the defendant obtained the receipts for the cotton. Knowledge by a prospective purchaser that cotton was grown on rented land is simply sufficient notice of the lien of the landlord thereon to put the purchaser on inquiry before buying it. Kelly v. Eyster, 14 So. 657, 102 Ala. 326, headnote 6; Sloan v. Hudson, 24 So. 458, 119 Ala. 27, headnote 5. The errors in charge 10 were cured only in part, if at all, by written charge 3, given the jury at the request of the defendant, which reads as follows:

"(3) I charge you that the plaintiff did not have any lien on any bale of cotton of Sims for 1920, except such as was grown on the premises of the plaintiff, and the bank would not be

liable for any bale of cotton grown and ginned by Sims from his own 15 acres of land, or which he may have received from others who were not his tenants on the Nelson land."

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER, J., concur.

SAYRE, J., concurs in opinion, except that part holding that counts 1 and 2 were subject to the demurrer.