McKENDALL LAND CO., INC. *vs.* TUDOR ARMS, INC.

NOVEMBER 3, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

PER CURIAM. This is an action of trespass and ejectment brought by plaintiff, mortgagee, against the defendant, mortgagor, for possession of an apartment house in the city

of Cranston. The case was heard by a justice of the Superior Court without the intervention of a jury on an appeal from the district court and the decision was for the plaintiff for possession. The case is here on defendant's exception to said decision.

The defendant introduced no evidence at the trial and the facts are not in dispute. Under the provisions of the mortgage nonpayment of interest and nonpayment of taxes constitute defaults authorizing foreclosure proceedings under the power of sale in the mortgage.

In March, 1933, defendant was in default for failure to pay the interest and taxes on the property. The mortgage provides as follows: "It shall be lawful for said mortgagee . . . to sell . . . at public auction upon the premises . . . first giving notice of the time and place of sale by publishing the same at least once each week for three successive weeks in some newspaper published in the City of Providence. . . ."

Notice of the sale under the power contained in the mortgage deed was published in the Providence Journal four times, on March 25, April 1, 8 and 15, 1933. The sale was held on April 15, 1933, at noon and the plaintiff purchased the premises. The defendant failing to quit the premises after notice given, the plaintiff commenced this action. The only question is: was legal notice of the foreclosure proceedings given?

Section 18, Chapter 302, G. L. 1923, provides that: "Whenever any real estate shall be sold under any power of sale mortgage executed subsequent to May fourth, nineteen hundred eleven, and such mortgage shall provide for the giving of notice of such sale by publication in some public newspaper at least once a week for three successive weeks before such sale, the first publication of such notice shall be at least twenty-one days before the day of sale, including the day of such first publication in the computation."

Defendant contends that the mortgagee's sale was invalid because "three successive weeks" or twenty-one

days had not elapsed between the first day of the publication of the notice and the day when the sale was held, and in support of its contention relies on *Quinn* v. *McDole*, 28 R. I. 327 (1907). In that case the provision concerning the advertising of a foreclosure sale was as follows: "first thereafter giving four weeks' notice of such sale in some newspaper . . ." It was held that at least twenty-eight days must elapse between the first day of publication and the sale.

Section 18, Chapter 302, was enacted after the decision in the *Quinn* case and established a new rule for the giving of notice by publication in certain foreclosure sales.

Using the method of computation prescribed by the statute, and counting March 25 as the first day, we find that twenty-one days, three weeks, had elapsed before April 15, the day of the sale. As thus appears, the notice of the sale was given in full compliance with the statute.

The language of the statute is clear and requires no construction. The provisions for notice in the mortgage are governed by the meaning of those provisions as established by the statute, and the parties by using such provisions are bound by the meaning given to them by the statute.

The exception of the defendant is overruled and the case is remitted to the Superior Court for entry of judgment on the decision.

*McGovern & Slattery, James A. Higgins,* for plaintiff.
*Malcolm D. Champlin,* for defendant.